UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBORAH LAUFER, Individually,

        *Plaintiff*,

  -vs-

DOVE HESS HOLDINGS, LLC,

        *Defendant*.

Civil Action No.
5:20-cv-379 (BKS/ML)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S BRIEF IN SUPPORT OF STANDING

**BARCLAY DAMON LLP**
*Attorneys for Defendant*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

   **JEFFREY A. DOVE**
   **ROBERT J. THORPE**
  **ANNELIESE R. ALIASSO**
      *Of Counsel*

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.    PLAINTIFF'S ALLEGED PAST INJURY IS NOT CONCRETE AND PARTICULARIZED, BUT RATHER, IS AT MOST A BARE PROCEDURAL VIOLATION INSUFFICIENT TO ESTABLISH AN INJURY IN FACT. ...................................................... 5

    II.    PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE A REAL AND IMMEDIATE THREAT OF FUTURE INJURY. ............................................................................................ 7

CONCLUSION ....................................................................................................................... 12

**PRELIMINARY STATEMENT**

This Court is right to question Plaintiff's standing, and it is not alone in doing so.[1] Plaintiff is a serial litigant, having filed nearly 300 lawsuits in nine (9) different states since October 2019, including more than 115 lawsuits in New York. Baselessly citing protections afforded to her as a disabled person under the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"), Plaintiff has filed one bogus lawsuit after another to obtain quick monetary settlements, often preying on small, family-owned hotels, motels, and other places of lodging, resulting in lasting financial harm to those defendants left in her wake. These actions are particularly egregious as Plaintiff, a resident of Florida, has no intent to visit any of the locations targeted in her lawsuits, let alone Defendant's property in Auburn, New York. Such a flurry of lawsuits, which have continued unabated, is especially troubling during the COVID-19 pandemic, as most if not all of the defendants were essentially closed for business over the last few months due to the various state stay-at-home orders. Indeed, Plaintiff has shamelessly abused the legal system and preyed on vulnerable businesses, including Defendant's motel, to its detriment and her financial gain. Put simply, Plaintiff's "game" cannot be allowed to continue.

As discussed more fully below, Plaintiff has not pled facts sufficient for this Court to determine that she has suffered a past injury, nor that she will plausibly sustain a future injury. Even accepting the allegations in the Complaint as true, and assuming for these purposes that Plaintiff actually visited the websites at issue, Plaintiff has not alleged that, had she been able to

---

[1] Following this Court's lead, on May 19, 2020, Magistrate Judge Jeffrey C. Manske of the United States District Court for the Western District of Texas issued an Order requiring that Plaintiff file a brief addressing whether the court has subject matter jurisdiction in each of the lawsuits commenced by Plaintiff in Texas. *See Laufer v. Rohini Inc.*, Case No. 6:20-cv-00382-ADA-JCM (May 19, 2020). A copy of Magistrate Judge Manske's Order is attached as **Appendix 1** for this Court's convenience. It should be noted that there is also a motion to dismiss based on, among other grounds, Plaintiff's lack of standing, pending in the United States District Court for the Western District of New York. *See Laufer v. First Street Group LLC*, Case No. 1:20-cv-366 (LJV/MJR).

access the websites and otherwise appropriately verify the accessibility features of the properties, she would have, in fact, made a reservation at any of the properties, or even visited New York for that matter.  The lack of such allegations is fatal to Plaintiff's claims, as without them, Plaintiff has stated nothing more than a non-redressable bare procedural violation.  Additionally, Plaintiff has failed to sufficiently plead that she will sustain a future injury.  In weighing the plausibility of Plaintiff's allegations, it is clear that based on the number of lawsuits commenced by Plaintiff, and the lack of specificity in her allegations (which led one other court to dismiss a complaint with nearly identical language), that Plaintiff's complaint should be similarly dismissed.  Furthermore, Plaintiff rests the argument that she intends to revisit the website on her status as a tester alone, a position which has been rejected by countless courts.

For these reasons, among others, Plaintiff does not have standing and, accordingly, this Court does not have subject matter jurisdiction over her claims.

## ARGUMENT

"The potential for abuse of the ADA has been noted in numerous cases in districts throughout the country."  *Access 4 All, Inc., v. Thirty E. 30th St. LLC*, 2006 U.S. Dist. LEXIS 96742, at *34 (S.D.N.Y. Dec. 11, 2006) (internal citations omitted).  Indeed, as this Court is acutely aware, "the ADA's statutory scheme . . . has resulted in an explosion of private ADA-related litigation that is primarily driven by the ADA's attorneys' fees provision."  *Id*. (citing *Rodriquez v. Investco, LLC*, 305 F. Supp. 2d  1278, 1281-82 (M.D. Fla. 2004)).  "Courts have . . . labeled the plaintiffs who file these lawsuits 'professional plaintiffs,' 'serial plaintiffs,' and 'professional pawns.'"  *Id*. at *34-35 (citing *Doran v. Del Taco, Inc.*, 2006 U.S. Dist. LEXIS 53551, at *15-16 (C.D. Cal. July 5, 2006)).  Recognizing "the ability to profit from ADA litigation," and "rather than "informing the business of the violations and attempting to remedy them, lawsuits are filed, as pre-suit settlements . . . do not vest plaintiff's counsel with an entitlement to attorney's fees

under the ADA." *Id*. "Ensuring that standing requirements are met by each plaintiff in each lawsuit brought under the ADA enables courts to ensure that the ADA is not being abused, but rather is having its intended effect of allowing disabled persons to participate fully in society." *Id*. (citing *Doran*, 2006 U.S. Dist. LEXIS 53551, at *19).

"Standing is a 'threshold question,' which should be addressed at the outset of the litigation." *Merola v. Cuomo*, 427 F. Supp. 3d 286, 290 (N.D.N.Y. 2019) (Sharpe, J.) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)). To establish standing in the context of the ADA, as the Court accurately points out in its Order, "a plaintiff must demonstrate: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to the plaintiff's home, that plaintiff intended to return to the subject location.'" *Rizzi v. Hilton Domestic Op. Co.*, 2019 U.S. Dist. LEXIS 120999, at *8 (E.D.N.Y. July 18, 2019) (*adopted by* 2019 U.S. Dist. LEXIS 12099 (E.D.N.Y. Sept. 30, 2019)) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013)). Further, "as recognized by the court in *Kreisler*, to satisfy the constitutional requirements of standing, 'the injury in fact, . . . must be (a) concrete and particularized, and (b) actual or imminent." *Id.* Where, as here, "a plaintiff seeks injunctive relief, the plaintiff must also demonstrate 'real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Id*. (citing cases). "A plaintiff complaining of injuries caused by alleged violations of the ADA must still establish that such injuries were both concrete and particular to the plaintiff, and must do so with sufficient specificity." *Id*. (citing cases) (internal quotations omitted).[2]

---

[2] "The pleading standards for . . . claims raised under NYSHRL mirror the pleading requirements under . . . the ADA." *Dimps v. Taconic Corr. Facility*, 2019 U.S. Dist. LEXIS 46452, at *20 (S.D.N.Y. Mar. 20, 2019). Accordingly, where an ADA claim is dismissed, the NYSHRL claim should also fail. *Noll v. IBM*, 787 F.3d 89, 92, 94 (2d Cir. 2015) (affirming dismissal of state law claim where plaintiff failed to state a federal ADA claim).

Plaintiff attempts to draw a distinction between physical accommodation and website accessibility cases, the latter of which, Plaintiff argues, exclusively govern this case. In this regard, Plaintiff relies on *Camacho v. Vanderbilt University*, where the Southern District of New York declined to dismiss a website accessibility case based on lack of standing because, the court held, the plaintiff alleged that he was unable to use the university's website due to screen-reader incompatibility, and as such, had demonstrated an injury in fact. 2019 U.S. Dist. LEXIS 209202, *26 (S.D.N.Y. Dec. 4, 2019). The *Camacho* case is inapposite, as discussed below, though it is instructive for purposes of demonstrating that not all website accessibility cases are alike. In cases like *Camacho* there is a clear, direct injury—the inability to access and visually navigate the website. But that is not what this Plaintiff alleges here; rather, Plaintiff's claim is in the form of an informational deficiency—she can navigate and visually use the website, but claims the information on the website is insufficient to allow her to assess her ability to visit the physical property. It is against this backdrop that this Court can conclude, as other courts have concluded, that Plaintiff's alleged injury is insufficient to establish standing. *See, e.g., Hernandez v. Ceasars License Co., LLC*, 2019 U.S. Dist. LEXIS 172456 (D.N.J. Oct. 4, 2019).

Furthermore, although there may be different facts to consider in a case involving a physical barrier, the same elements must be met to establish standing. *See Poschmann v. DHB Collins Hospitality, LLC*, 2019 U.S. Dist. LEXIS 195285, at *7 (S.D. Fla. Nov. 8, 2019) ("The Plaintiff's attempt to distinguish this situation from the physical barrier context is unavailing. The fact that the Plaintiffs lawsuit concerns the hotel's website (as opposed to the physical hotel building) may affect the focus of the inquiry. However the essential elements of the private cause of action and standing remain the same.)."

### I. PLAINTIFF'S ALLEGED PAST INJURY IS NOT CONCRETE AND PARTICULARIZED, BUT RATHER, IS AT MOST A BARE PROCEDURAL VIOLATION INSUFFICIENT TO ESTABLISH AN INJURY IN FACT.

To satisfy the requirement that a plaintiff has suffered a concrete and particularized injury, the plaintiff must demonstrate "facts sufficient to establish that he [or she] has been injured by those violations[.] It is not enough to merely allege that a violation exists." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *12, *16 ("In short, a plaintiff who does not allege a personal encounter with conditions in violation of the ADA has failed to allege a direct injury") (citing *Feltzin v. Triangle Props. #1, LLC*, 2016 U.S. Dist. LEXIS 192861, at *10 (E.D.N.Y. Dec. 15, 2016)) (emphasis added). For example, where a plaintiff did not allege that, "had he been able to access the Website, he would have traveled to the restaurant for a meal[,]" the court properly dismissed the plaintiff's ADA claim for failing to allege a concrete and particularized injury sufficient to demonstrate standing. *See Walker v. Sam's Oyster House, LLC*, 2018 U.S. Dist. LEXIS 158439, at *8 (E.D. Pa. Sept. 18, 2018).

*Hernandez* is particularly instructive on the issue of concreteness. 2019 U.S. Dist. LEXIS 172456, at *5-9. There, the plaintiff alleged an informational deficiency on Harrah's Resorts-Atlantic City's website, similar to the alleged information deficiency Plaintiff has alleged here. *Id.* at *6-7. Further, the plaintiff in *Hernandez* "ha[d] no actual interest in staying at Harrah's regardless of whether he could independently determine that it me[t] his accessibility needs," and instead, like here, the plaintiff alleged that he visited the website in his capacity as a tester. *Id*. at *7. In finding that Hernandez failed to allege facts sufficient to demonstrate standing, the court reasoned that "non-disclosure [of information] is not an injury in and of itself. Rather, plaintiffs must show that an alleged non-disclosure actually harms them. . . . " *Id*. at *8. The court further stated, "Defendants' alleged non-disclosure of accessibility information could conceivably harm a

5

person with disabilities, provided that person was actually looking for a place to stay in Atlantic City." *Id.* at *8.[3]

Plaintiff's complaint falls victim to the same deficiencies highlighted in *Hernandez*. Even accepting the allegations in the Complaint as true, and assuming for these purposes that Plaintiff actually visited the websites at issue, Plaintiff has not alleged that, had she been able to access the websites and otherwise appropriately verify the accessibility features of the properties, she would have, in fact, made a reservation at any of the properties, or even visited New York for that matter. Dkt. No. 1, ¶ 11; *see Access 4 All,* 2006 U.S. Dist. LEXIS 96742, at *32-33. Indeed, and further likening this case to *Hernandez*, Plaintiff does not even allege that her purpose for visiting the websites was to make a reservation at the properties; rather Plaintiff, an admitted "tester," alleges that she visited the websites "for the purpose of reviewing and assessing the accessible features at the Property and ascertain [sic] whether it meets the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." Dkt. No. 1, ¶ 11. Though Plaintiff does allege that she will revisit the websites in the future and attempt to book a guest room, this goes to the issue of future harm, not past injury, which are two separate injuries Plaintiff must adequately plead. *See* Dkt. No. 1, ¶ 12; *see Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *20.

Plaintiff's brief in response to the Court's Order provides no lifeline for her deficient allegations. In this regard, Plaintiff states, in conclusory fashion, that "[t]he Plaintiff's allegation that she suffered discrimination from the non-compliant website when she viewed it in her home in Florida, is proof of injury in fact." *See* Dkt. No. 18, p. 12. On its face, this argument falls woefully short of alleging that she has suffered a concrete and particular past injury. In essence,

---

[3] It is important to note that *Hernandez* was decided in the context of a motion to dismiss under 12(b)(6), which is the same standard Plaintiff asserts applies to this Court's analysis. As will be discussed more fully below, the District of New Jersey was clearly able to, and did, make a plausibility assessment of Hernandez's claims at the dismissal stage.

Plaintiff is arguing that because she encountered an allegedly ADA deficient website, that she, as a disabled plaintiff, must have been injured. Several courts have already found similar allegations insufficient, and Plaintiff should not be held to a different standard. *See Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *12, *16 ("It is not enough to merely allege that a violation exists"); *Hernandez*, 2019 U.S. Dist. LEXIS 172456, at *6 (stating that "'a bare procedural violation' of a statute or regulation is insufficient to satisfy the injury-in-fact requirement").[4]

Because Plaintiff failed to allege that she visited the websites with the intent to actually make reservations at the properties, her allegations are insufficient as a matter of law to demonstrate that she sustained a concrete and direct injury for purposes of establishing standing. *See Walker*, 2018 U.S. Dist. LEXIS 158439, at *8 (finding that the plaintiff failed to plead a concrete injury in fact where plaintiff only attempted to visit the website and did not allege an intention or even a desire to go to the restaurant).[5]

## II. PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE A REAL AND IMMEDIATE THREAT OF FUTURE INJURY.

The requirement that a plaintiff allege a real and immediate threat of future injury requires a court to consider whether there is a "plausible intention or desire to return to the place but for the barriers to access." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *20; *see also Access 4 All, Inc,* 2006 U.S. Dist. LEXIS 96742, at *10 (noting that "speculative 'some day' intentions to return are

---

[4] Plaintiff also argues that her allegations satisfy the past injury requirement based on a lengthy and irrelevant discussion regarding statutory construction. Plaintiff is incorrect. The law dictates that the issue of standing is a threshold issue that must be decided at the outset of all civil litigation, *see Merola*, 427 F. Supp. 3d at 290, and in this regard, an intent to visit the physical property is necessary to make the injury more than a bare procedural violation.

[5] Similarly, Plaintiff has not alleged any particularized injury, and instead claims that she and "all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested [in the Complaint]." Dkt. No. 1, ¶ 18. Because there is nothing alleged in the Complaint that distinguishes or elevates Plaintiff's claimed injury from that of any other similarly situated person, Plaintiff lacks standing to pursue her claims.

insufficient"). The Second Circuit has held that "[i]ntent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of plaintiff's past visits, but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *21 (quoting *Bernstein v. City of New York*, 621 Fed. Appx. 56, 58-59 (2d Cir. 2015); *see also Van Winkle v. Kings Mall Court LLC*, 2018 U.S. Dist. LEXIS 16395, at *4-5 (N.D.N.Y. Feb. 1, 2018) (Sharpe, J.) ("Given Van Winkle's relative remoteness from Kings Mall, failure to plead the frequency with which he visited Kings Mall, and mere speculation about some day returning to Kings Mall, it is unreasonable to infer that Van Winkle intends to return to the subject location."). Indeed, federal courts have frequently dismissed ADA accessibility claims where the plaintiff has failed to provide factual corroboration for the proposition that her injury is a real and immediate injury. *See Van Winkle*, 2018 U.S. Dist. LEXIS 16395, at *4-5; *Feltzin*, 2016 U.S. Dist. LEXIS 192861, at *8.

Furthermore, and despite Plaintiff's directive that the Court must not weigh Plaintiff's credibility at this stage, consideration of the plausibility of Plaintiff's allegations is appropriate, notwithstanding the requirement to accept Plaintiff's allegations as true. *See Kennedy v. Warren Props., LLC*, 2017 U.S. Dist. LEXIS 185316, at *3 (S. D. Al. Nov. 7, 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. While this plausibility standard is not akin to a probability requirement at the pleading stage, . . . the standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim.") (internal quotations omitted). Plaintiff's argument that motivation to return is irrelevant, relying on *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir.

8

2013), is a gross mischaracterization of the law. In this regard, the court in *Hernandez* clarified that, "[*Marod*] do[es] not stand for the proposition that the plaintiff's motivations when interacting with the defendant are irrelevant to the injury in fact inquiry. Rather, they are instances in which plaintiffs identified harm that did not depend on their motivations." *Hernandez*, 2019 U.S. Dist. LEXIS 172456, at *10.

The above-referenced plausibility test for standing applies equally to individuals functioning as "testers"—i.e., private citizens who purport to monitor the compliance of establishments with the ADA—and persons that encounter alleged violations of the ADA in the regular course of the person's activities. *See Brown v. McKinley Mall, LLC*, 2018 U.S. Dist. LEXIS 83477, at *11 (W.D.N.Y. May 17, 2018) (holding that "tester" had standing under Title III of ADA where the pleadings established a "plausible intent to return to the mall for personal reasons, and his desire to return to the mall as both a patron and an ADA Tester are not mutually exclusive"); *see also Feltzin*, 2016 U.S. Dist. LEXIS 192861, at *8 ("[T]esters are still subject to the same standing requirements as any other litigant"). Plaintiff's contention that one's status as a tester equates to an allegation that one intends to return is without merit and, in fact, federal courts have routinely rejected the claims of "testers" for failure to sufficiently allege a real and immediate threat of future injury. *See Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833, 835-36 (7th Cir. 2019); *Mitchell v. Buckeye State Credit Union*, 2019 U.S. Dist. LEXIS 34979, at *11-12 (N.D. Ohio Mar. 5, 2019); *Carroll v. Roanoke Valley Cmty. Credit Union*, 2018 U.S. Dist. LEXIS 98284, at *12 (W.D. Va. June 11, 2018); *Kramer v. Midamco*, 656 F. Supp. 2d 740, 747 (N.D. Ohio Aug. 20, 2009) ("[A] plaintiff's claim that [he] visited the facility as a tester and intends to visit the facility to verify its compliance or non-compliance with the ADA, does little to support his allegation that he is truly threatened by an immediate future injury"); *Norkunas*

*v. Park Rd. Shopping Ctr., Inc.*, 777 F. Supp. 2d 998, 1005 (W.D.N.C. April 15, 2011) (noting that "the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing."); *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1218 (S.D. Cal. Feb. 5, 2007) ("[I]f a plaintiff's sole purpose in visiting an establishment [was] to check for ADA violations, he would be simply a 'tester' rather than a bona fide patron, and would therefore lack standing. . . . This Court is unable . . . to find any authority showing that Title III of the ADA was intended to create such broad rights against individual local businesses by private parties who are not bona fide patrons, and are not likely to be bona fide patrons in the future"). This is not to suggest that Plaintiff's mere status as a tester necessitates a finding that she does not have standing, but rather recognizes that one's status as a tester militates against a finding as to any threat or risk of future harm. *See Carroll*, 2018 U.S. Dist. LEXIS 98284, at *12; *Kramer*, 656 F. Supp. 2d at 748 ("An ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that she intends to return to the facility.").

Here, to date, Plaintiff has filed nearly 300 lawsuits in at least nine (9) different states – including more than 115 lawsuits in New York – since October 2019.[6] "The more hotels sued by an individual ADA plaintiff, the less likely it is that the plaintiff will be able to demonstrate a plausible intention to return to each of those hotels in the 'imminent' future to enjoy its facilities."

---

[6] This Court may take judicial notice of the other approximately 300 lawsuits commenced by Plaintiff since October 2019. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"); Federal Rule of Evidence 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). To the extent helpful, Defendant can provide the Court with a full list of all such lawsuits filed by Plaintiff, and in this regard, it should be noted that such a list was recently filed in connection with a motion to dismiss filed in the Western District of New York. *See Laufer v. First Street Group LLC*, Case No. 20-cv-00366, at Dkt. No. 4, Ex. B (W.D.N.Y. Apr. 29, 2020).

*Access 4 All*, 2006 U.S. Dist. LEXIS 96742, at *33 (noting that the plaintiff had filed at least 83 lawsuits in the Southern and Eastern Districts of New York, many of which were against hotels); *see also Kennedy v. Warrior Air, Inc.*, 2019 U.S. Dist. LEXIS 208109, at *11 (S.D. Fla. Dec. 2, 2019) (dismissing an ADA claim where the plaintiff was a "serial litigant with a haphazard approach to ADA testing," and noting that a factfinder would be unlikely to conclude that "Plaintiff was likely to revisit the defendant's website in that case"); *Mitchell*, 2019 U.S. Dist. LEXIS 34979, at *12 (finding that plaintiff failed to meet his burden of demonstrating standing on a motion to dismiss, noting that plaintiff had "filed multiple other lawsuits in this jurisdiction alone testing the Title III compliance of credit union websites"); *Brother v. Rossmore Tampa L.P.*, 2004 U.S. Dist. LEXIS 28524, at *13 (M.D. Fla. Aug. 19, 2004) (finding that the plaintiff's professed intent to return to the subject hotel lacked credibility where he brought 70 identical suits, never stayed in the subject hotel, and did not have a future reservation to stay at the hotel).

Plaintiff's sole allegation that she intends to return to the websites is also insufficient as a matter of law. Plaintiff states, "In the near future, [she] intends to revisit Defendant's ORS in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages and accommodations of the Property." Dkt. No. 1, ¶ 12. Notably, the court in *Kennedy* considered a "boilerplate" allegation nearly identical to the Plaintiff's allegation in this case:

> In the near future, I intend to revisit Defendant's website and/or online reservation system and the third party booking sites in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages and accommodations of the Property.

*Kennedy*, 2019 U.S. Dist. LEXIS 208109, at *8. The court in *Kennedy* found that the plaintiff's allegation lacked "details or specifics that would make it more than the generic 'some day'

statements that the Supreme Court has said are insufficient to support a finding of a real and imminent injury." *Id*. (citing cases). In short, there are no material differences between the plaintiffs' allegations in *Kennedy* and Plaintiff's allegations in the instant action, and therefore no reason this Court should not follow the decision in *Kennedy*. *Compare* Dkt. No. 1, ¶ 12 *with Kennedy*, 2019 U.S. Dist. LEXIS 208109, at *8. Interestingly, Plaintiff has cited to several cases commenced by Ms. Kennedy in the Southern District of Florida as evidence that standing challenges have been rejected. However, the *Kennedy v. Warrior Air* case cited above was decided after the *Kennedy* cases cited by Plaintiff, perhaps signaling a shift in the Southern District of Florida, and consistent with what Defendant hopes will be the trend in the Northern District of New York, the Western District of Texas, and the variety of other jurisdictions where Plaintiff has commenced these frivolous lawsuits.

## CONCLUSION

Because Plaintiff failed to allege facts sufficient to establish both a concrete and particularized injury and a real and immediate threat of future injury, she lacks standing to pursue her claims, and as such, Defendant respectfully requests that the Court dismiss each and every one of the lawsuits commenced by Plaintiff in the United States District Court for the Northern District of New York.

**Dated**: June 19, 2020

**BARCLAY DAMON LLP**

By: */s/ Robert J. Thorpe*
Jeffrey A. Dove (101532)
Robert J. Thorpe (517411)
Anneliese R. Aliasso (700385)

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7231
Email: rthorpe@barclaydamon.com

12

# Appendix 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:20-CV-00382-ADA-JCM |
| | § | |
| ROHINI INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Came for consideration the status of this cause. On May 13, 2020, Plaintiff initiated this suit, generally alleging that Defendant, an entity operating a hotel, had violated the Americans with Disabilities Act ("ADA") via an allegedly non-compliant online reservation system. *See generally* Pl.'s Compl., ECF No. 1. Beginning on May 13, 2020 and continuing through May 14, 2020, Plaintiff initiated nine other suits in the Waco Division of the Western District; each of these suits makes nearly identical allegations against other Defendants.[1]

Further, it appears that Plaintiff has brought twenty-nine (29) nearly identical suits against various Defendants in the Norther District of New York. *See Laufer v. 1110 W. Albany, LLC*, No. 119CV01324BKSML, 2020 WL 2309083, at *1 (N.D.N.Y. May 8, 2020) ("Including this action, and *Laufer v. Laxmi & Sons*, LLC, 1:19-cv-01501 (BKS/ML) (filed Dec. 4, 2019), Plaintiff has 29, nearly identical, cases pending against different defendants in the Northern District of New York."). Earlier this month in *Laufer v. 1110 W. Albany,*

---

[1] *See Laufer v. Khushbu Investment LLC*, 6:20-cv-00383-ADA-JCM; *Laufer v. Temple Econo Lodge Inc.*, 6:20-cv-00384-ADA-JCM; *Laufer v. J&J Executive Suites LLC*, 6:20-cv-00385-ADA-JCM; *Laufer v. Satishchandra Patel*, 6:20-cv-00386-ADA-JCM; *Laufer v. King's Inn*, 6:20-cv-00387-ADA-JCM; *Laufer v. Santha, Inc.*, 6:20-cv-00388-ADA-JCM; *Laufer v. Jayeshkumar B & Hemaben Patel*, 6:20-cv-00389-ADA-JCM; *Laufer v. Temple Joint Venture LLC*, 6:20-cv-00390-ADA-JCM; *Laufer v. Hitanshu & Rashmi Bhakta*, 6:20-cv-00391-ADA-JCM.

1

*LLC*, U.S. District Judge Brenda K. Sannes entered an order requiring Plaintiff to submit a brief in each of the 29 New York actions explaining why the complaint should not be dismissed for lack of subject matter jurisdiction. *Id*. The Court is of the opinion that a similar course of action is warranted with respect to Plaintiff's cases pending before the Waco Division.

It is axiomatic that federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Standing is an essential component of federal subject matter jurisdiction. *McCall v. Dretke,* 390 F.3d 358, 361 (5th Cir. 2004). To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision of the district court. *Id.* The injury must be actual or imminent, not conjectural or hypothetical. *Id.* (internal quotations omitted). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 361-62.

The Court has serious concerns with Plaintiff's standing in each of the ten cases currently pending before it. For example, in the above-captioned matter, there are no facts alleged in Plaintiff's Complaint indicating that Plaintiff, a resident of Pasco County, Florida, has ever visited Defendant's hotel in Temple, TX. *See generally* Pl.'s Compl. Nothing in Plaintiff's Complaint evinces an intent to visit Defendant's hotel in the past or future, nor even a more general intent to visit Temple, TX. *Id.* Instead, Plaintiff seems to rely on her seemingly self-conferred status as a "tester" as a means of claiming standing. *See id.* at 2.[2]

---

[2] "Plaintiff is an advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." Pl.'s Compl. at 2.

Although it appears that the Fifth Circuit has yet to directly address the question of standing with respect to "testers," courts in the Western District have found "tester" plaintiffs can have standing in the ADA context. *See, e.g. Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587 (W.D. Tex. 2010). Nonetheless, in the context of ADA claims, most courts evaluate whether future injury is probable by determining whether the plaintiff is likely to return to the defendant's business. *Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *2 (W.D. Tex. Mar. 7, 2017). When analyzing a plaintiff's likelihood of return, courts usually consider:

(1) the proximity of the defendant's business to the plaintiff's residence;
(2) the plaintiff's past patronage of the defendant's business;
(3) the definiteness of the plaintiff's plans to return; and
(4) the plaintiff's frequency of travel near the defendant.

*Id.* at *2-3. As noted, Plaintiff's Complaint in the above-captioned matter is largely devoid of facts with respect to these factors.

Accordingly, the Court **ORDERS** Plaintiff to appear in the above action and respond to this Order with briefing of no more than ten (10) pages, addressing whether the Court has subject matter jurisdiction **by Monday, June 1, 2020.**

**IT IS FURTHER ORDERED** that the Clerk of the Court enters this order in each of the additional cases before the court: *Laufer v. Khushbu Investment LLC*, 6:20-cv-00383-ADA-JCM; *Laufer v. Temple Econo Lodge Inc.*, 6:20-cv-00384-ADA-JCM; *Laufer v. J&J Executive Suites LLC*, 6:20-cv-00385-ADA-JCM; *Laufer v. Satishchandra Patel*, 6:20-cv-00386-ADA-JCM; *Laufer v. King's Inn*, 6:20-cv-00387-ADA-JCM; *Laufer v. Santha, Inc.*, 6:20-cv-00388-ADA-JCM; *Laufer v. Jayeshkumar B & Hemaben Patel*, 6:20-cv-00389-ADA-JCM; *Laufer v. Temple Joint Venture LLC*, 6:20-cv-00390-ADA-JCM; *Laufer v. Hitanshu & Rashmi Bhakta*, 6:20-cv-00391-ADA-JCM. **IT IS FURTHER ORDERED** that Plaintiff appear in each of the previously

listed cases and respond to this Order with briefing of no more than ten (10) pages, addressing whether the Court has subject matter jurisdiction in each of Plaintiff's cases **by Monday, June 1, 2020.** Failure to comply with this Order in a timely manner may result in issuance of an appropriate sanction and/or dismissal.

**SIGNED** this 19th day of May, 2020**.**

**THE HONORABLE JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**

4