UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBORAH LAUFER, Individually,

               *Plaintiff*,

     -vs-

DOVE HESS HOLDINGS, LLC,

               *Defendant*.

Civil Action No.
5:20-CV-379 (BKS/ML)

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

**BARCLAY DAMON LLP**
*Attorneys for Defendant*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

**ROBERT J. THORPE**
**ANNELIESE R. ALIASSO**
    *Of Counsel*

1

## PRELIMINARY STATEMENT

On May 7, 2020, Judge Sannes issued an Order requiring Plaintiff to demonstrate that she has standing to maintain her 60 ADA website accessibility lawsuits in the Northern District of New York.  Judge Sannes specifically identified the absence of facts related to Plaintiff's intention to travel to New York, let alone to Defendant's property in Auburn, New York.

In response, Plaintiff initially took the position that "[t]he absence of allegations that she has ever traveled to Rensselaer,[1] New York or anywhere in New York, or any reason to seek lodging anywhere in New York, is not a legal requirement to establish injury in fact."  However, after Defendant and other defendants both before this Court and in other jurisdictions challenged the viability of Plaintiff's legal position, Plaintiff suddenly reversed course and improperly submitted an affidavit to add factual allegations purporting to demonstrate that she frequently travels to New York and across New York and stays in hotels when she travels.  Now, months later, after Defendant has answered the complaint and incurred legal fees in connection with the Court's standing inquiry, Plaintiff seeks to amend the complaint to add allegations that should have been asserted at the outset of this litigation in December 2019, or at the very least in a motion to amend made immediately following the Court's standing inquiry.

For these reasons and those set forth more fully below, Plaintiff's motion to amend the complaint should be denied as unduly delayed, prejudicial, and futile.  In the event the Court is inclined to grant Plaintiff's motion, Defendant respectfully requests that the Court either delay consideration of an amended complaint due to the pending inquiry into Plaintiff's standing or, in the alternative, consider the amended complaint in connection with the Court's pending inquiry.

---

[1] Note, that this Defendant's property is located in Auburn, New York despite the mistaken reference to Rensselaer, New York.

2

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 1, 2020, Plaintiff commenced this action against Defendant Dove Hess Holdings, LLC  Dkt. No. 1.  According to the Complaint, Plaintiff is a resident of Alachua County, Florida, a visually impaired and physically disabled individual as defined by the ADA, and a "tester" for similarly situated disabled persons in that she visits websites for places of public accommodation for the purpose of "monitoring, ensuring, and determining" compliance with the ADA.  *Id*. at ¶¶ 1-2.  Defendant owns and operates an inn located in Auburn, New York (the "Property").  *Id*. at ¶¶ 3-4.  Defendant maintains a website for the Property, but also list features of the Property, booking options, and contact information through third-party websites such as booking.com, expedia.com and orbitz.com (collectively, the "Websites").  *Id*. at ¶¶ 10-11.

At an unspecified date prior to commencing litigation, Plaintiff allegedly visited the Websites to ensure compliance with the ADA.  *Id*. at ¶ 11.  Plaintiff alleges that the Websites were not compliant with the ADA, in that the Websites failed to fully list accessible features of the Property and had no option to book an accessible room.  *Id*.  Plaintiff further alleges that she intends to revisit the Websites in the near future to ensure compliance, notwithstanding the fact that she also alleges to be "continuously aware" that the Websites remain non-compliant, and that such action would be "a futile gesture."  *Id*. at ¶¶ 12-13.

Plaintiff seeks damages for the allegedly non-compliant Websites, which she claims infringed upon her right to be free from discrimination, and that such discrimination deprives her of full and equal enjoyment of the services and privileges of the Websites, and ultimately, equal access to the Property.  *See generally id*. at ¶¶ 14-28.  Plaintiff also alleges that she has been deprived of the necessary information required to make meaningful choices for travel due to the

lack of accessibility features listed on the Websites. *Id*. For these alleged violations, Plaintiff

seeks injunctive and declaratory relief, attorneys' fees, costs, and damages. *Id*.

On May 7, 2020, this Court issued an Order directing Plaintiff to address whether she has

standing, and the parties subsequently submitted briefs and other documents in response to the

Court's Order. Dkt. Nos. 4, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20. In response to Defendant's brief,

Plaintiff submitted an affidavit in which she alleged that she intended to travel to New York and

visit the Property. Dkt. No. 17. Defendant subsequently filed a letter objecting to Plaintiff's

affidavit on the grounds that there is no motion pending to allow Plaintiff an opportunity to submit

an affidavit, especially in a reply submission. Dkt. No. 19. On July 8, 2020, Defendant filed an

Answer to the Complaint, in which Defendant asserted, among other affirmative defenses, lack of

standing and subject matter jurisdiction, and failure to state a claim upon which relief can be

granted. *See* Dkt. No. 21.

Plaintiff filed the instant motion to amend her complaint on September 24, 2020, which

was more than five (5) months after Plaintiff commenced this action, more than two (2) months

after this Court questioned whether Plaintiff has standing to maintain this action, and only after

another district court in New York dismissed a similar lawsuit filed by Plaintiff's counsel for lack

of standing. *See* Dkt. Nos. 1, 4, 7, 11, 17.

## **ARGUMENT**

A party may only amend its pleadings by consent from opposing counsel or the court's

leave. FRCP 15(a)(2). While FRCP 15 is a liberal rule, requiring the Court to grant leave to amend

"where justice so requires," the rule is not without limits. *See id*. Where there is evidence of bad

faith, undue delay, dilatory motive, repeated failure to cure deficiencies, prejudice, or futility, a

court may decline to permit amendment of the pleading.  *See NRA of Am. v. Cuomo*, 2020 U.S. Dist. LEXIS 146279, at *11 (N.D.N.Y. Aug. 14, 2020).

If a plaintiff seeks to amend her complaint while a motion to dismiss is pending,  "a court has a variety of ways in which it may deal with the pending motion to dismiss," including "considering the merits of the motion in light of the amended complaint."  *See Reus v. Arthur*, 2020 U.S. Dist. LEXIS 157219, *2-3 (N.D.N.Y. Aug. 31, 2020) (Sannes, J.).  Alternatively, and specific to the cases commenced by Plaintiff in the Northern District of New York, the court can delay consideration of an amended complaint due to the pending inquiry into Plaintiff's standing. *See Laufer v. Village of Miller Road*, No. 1:19-cv-1462 (Dkt. Nos. 27, 28).

## I.     PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS FUTILE.

An amendment is futile where it would not withstand a motion to dismiss under FRCP 12(b)(6).  *Beverly v. Ithaca College*, 290 F. Supp. 2d 301, 305 (N.D.N.Y. 2003).  As previously noted, this Court has questioned Plaintiff's standing under a similar standard to that considered under a motion pursuant to FRCP 12(b)(1).  In response, and several months later, Plaintiff now seeks to amend her Complaint to add additional allegations related to her intent to visit Defendant's property.  However, even when threatened with the potential dismissal of her Complaint, Plaintiff does nothing more then add additional vague and conclusory allegations which appear to be a calculated, unpersuasive attempt to survive the Court's *sua sponte* inquiry into Plaintiff's standing.

### A.  <u>Plaintiff's proposed allegations are not plausible.</u>

Plaintiff's proposed allegations seek to add facts stating she has family in New York and travels to New York to visit frequently.  Dkt. No. 26, Ex. A, ¶ 7.  Plaintiff's allegations are disingenuous at best.  In assessing whether an amended complaint would withstand a motion to dismiss, judicial consideration of the plausibility of the allegations is appropriate, notwithstanding

the requirement to accept the plaintiff's allegations as true. *See Kennedy v. Warren Props., LLC*, 2017 U.S. Dist. LEXIS 185316, at *3 (S. D. Al. Nov. 7, 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. While this plausibility standard is not akin to a probability requirement at the pleading stage, . . . the standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim.") (internal quotations omitted); *Doe v. Cornell Univ.,* 2020 U.S. Dist. LEXIS 89403, at *7 (N.D.N.Y. May 21, 2020) ("Ultimately, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, or where a plaintiff has not nudged its claims across the line from conceivable to plausible, the complaint must be dismissed.") (citation and internal quotations omitted).

The above-referenced plausibility test for standing applies equally to individuals functioning as "testers"—i.e., private citizens who purport to monitor the compliance of establishments with the ADA—and persons that encounter alleged violations of the ADA in the regular course of the person's activities. *See Brown v. McKinley Mall*, *LLC*, 2018 U.S. Dist. LEXIS 83477, at *11 (W.D.N.Y. May 17, 2018) (holding that "tester" had standing under Title III of ADA where the pleadings established a "plausible intent to return to the mall for personal reasons, and his desire to return to the mall as both a patron and an ADA Tester are not mutually exclusive"); *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833, 835-36 (7th Cir. 2019) (because plaintiff could not be a member of the credit union he alleged he was discriminated against applying to, the plaintiff could not state a claim); *Kramer v. Midamco*, 656 F. Supp. 2d 740, 748 (N.D. Ohio Aug. 20, 2009) ("An ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that she intends to return to the facility.").

Plaintiff has filed over 500 lawsuits in at least fifteen (15) states within the last year, including more than 140 lawsuits in New York district courts.[2]   The more hotels sued by an individual ADA plaintiff, the less likely it is that the plaintiff will be able to demonstrate a plausible intention to return to each of those hotels in the 'imminent' future to enjoy its facilities." *Access 4 All*, 2006 U.S. Dist. LEXIS 96742, at *33 (noting that the plaintiff had filed at least 83 lawsuits in the Southern and Eastern Districts of New York, many of which were against hotels); *see also Kennedy v. Warrior Air, Inc*., 2019 U.S. Dist. LEXIS 208109, at *11 (S.D. Fla. Dec. 2, 2019) (dismissing an ADA claim where the plaintiff was a "serial litigant with a haphazard approach to ADA testing," and noting that a factfinder would be unlikely to conclude that "Plaintiff was likely to revisit the defendant's website in that case"); *Mitchell v. Buckeye State Credit Union*, 2019 U.S. Dist. LEXIS 34979, at *12 (N.D. Ohio Mar. 5, 2019) (finding that plaintiff failed to meet his burden of demonstrating standing on a motion to dismiss, noting that plaintiff had "filed multiple other lawsuits in this jurisdiction alone testing the Title III compliance of credit union websites"); *Brother v. Rossmore Tampa L.P*., 2004 U.S. Dist. LEXIS 28524, at *13 (M.D. Fla. Aug. 19, 2004) (finding that the plaintiff's professed intent to return to the subject hotel lacked credibility where he brought 70 identical suits, never stayed in the subject hotel, and did not have a future reservation to stay at the hotel).

In New York alone, Plaintiff has filed affidavits and proposed amended complaints in numerous cases, and in each case she remarkably alleges an intention to visit various parts of the state, ranging from Jamestown, Niagara Falls, Batavia, Cortland, Auburn, Plattsburgh and

---

[2] This Court may take judicial notice of the other lawsuits commenced by Plaintiff.  *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'").  To the extent helpful, Defendant can provide the Court with a full list of all such lawsuits filed by Plaintiff.

Castleton-on-Hudson.  *See, e.g., Laufer v. Dove Hess Holdings*, Dkt. No. 26; *Laufer v. 7 Hills Hotels, LLC*, No. 8:20-cv-257, Dkt No. 21 (N.D.N.Y. Sept. 21, 2020); *Laufer v. Village at Miller Road, LLC*, No. 1:19-cv-1462, Dkt. No. 25 (N.D.N.Y. May 11, 2020); *Laufer v. Drashti Batavia, LLC*, No. 1:20-cv-407, Dkt. No. 9 (W.D.N.Y. May 29, 2020); *Laufer v. Jamestown Hotel, LLC*, No. 1:20-cv-0367, Dkt. No. 14 (W.D.N.Y. June 4, 2020); *Laufer v. First Street Group, LLC*, No. 1:20-cv-00366, Dkt. No. 5 (W.D.N.Y. May 11, 2020).  Plaintiff's vague and purely self-serving allegations in each instance do not include any evidence of where her family resides, where she intends to visit, or where she has previously traveled in New York, among other facts that might otherwise make her allegations plausible.

The plausibility of Plaintiff's intention to visit New York is further diluted by the fact that this same Plaintiff has made nearly identical allegations in cases pending in other states.  *See, e.g., Laufer v. Pramukh LLC*, No. 3:20-cv-616, Dkt. No. 6 (W.D. Wis. Sept. 11, 2020) (noting the desire and intention to travel to Wisconsin in the near future); *Laufer v. Bre/Esa P Portfoilio, LLC*, No. 1:20-cv-1973, Dkt. 7 (D. Md. Sept. 15, 2020) (noting the desire and intention to travel to Maryland in the near future); *Laufer v. Galtesvar Om, LLC*, No. 1:20-cv-588, Dkt. No. 7 (W.D. Tex. July 22, 2020) (noting the desire and intention to travel to Texas in the near future).  In many cases, it appears Plaintiff has simply chosen three popular activities or landmarks located near the hotel or motel at issue based on an internet search.

### B.  **Plaintiff's proposed allegations are a *post hoc* attempt to avoid dismissal.**

In her Complaint and initial submission in response to the Court's *sua sponte* inquiry into Plaintiff's standing, Plaintiff steadfastly maintained that the only relevant question for the Court was whether Plaintiff intended to return to the website.  *See* Dkt. Nos. 1, 7.  In this regard, Plaintiff argued that if the Court finds that she has a plausible intention to revisit the website, then she has

a sufficient injury to establish standing regardless of her intent to visit Defendant's physical property. *See id.*

However, and tellingly, now that Plaintiff is faced with overwhelming and recent case law to the contrary,[3] all of which found that Plaintiff's brand of informational deficiency must be accompanied by intention to actually visit the physical property to elevate the injury above a bare procedural violation, Plaintiff has changed her position and attempts to add allegations related to her intent to visit Defendant's property. *See* Dkt. No. 26, Ex. A, ¶ 7. It is clear that the addition of Plaintiff's intention to visit Defendant's property is a *post hoc* attempt to avoid dismissal, which should be rejected. *See Rizzi v Hilton Domestic Operating Co.*, 2020 U.S. Dist. LEXIS 144884, at *14 (Aug. 11, 2020) (rejecting the plaintiff's post-complaint affidavit as insufficient to establish standing at the time the complaint was filed).

Defendant respectfully submits that Plaintiff's allegations in the proposed amended complaint could not survive a motion to dismiss and, as such, Plaintiff's motion to amend should be denied as futile.

---

[3] *See Laufer v. Mann Hospitality*, 1:20-cv-620 (W.D. Tex. Sept. 30, 2020) (dismissing complaint based upon the absence of any allegations that Plaintiff intended to visit the property); *Laufer v. Arapan*, No. 1:19-cv-200 (N.D. Fla. Sept. 25, 2020) (dismissing complaint for failure to establish a concrete and particularized injury sufficient to demonstrate standing based upon the fact that the only alleged injury was viewing a noncompliant website for a hotel that she never intended to visit); *Harty v. West Point Realty, Inc.*, 2020 U.S. Dist. LEXIS 141893 (S.D.N.Y. 2020) (dismissing complaint for failure to allege any plausible intention to revisit the defendant's website to ultimately book a hotel room or otherwise avail himself of the defendant's services); *Hernandez v. Caesars License Co.*, 2019 U.S. Dist. LEXIS 172456, at *5-9 (D.N.J. Oct. 4, 2019) (dismissing complaint where the plaintiff "ha[d] no actual interest in staying at Harrah's regardless of whether he could independently determine that it me[t] his accessibility needs"); *Rizzi v. Hilton Domestic Operating Co.,* 2019 U.S Dist. LEXIS 120999 (E.D.N.Y. July 18, 2019) (dismissing complaint for failure to allege a plausible intention to return to the website for a property that the plaintiff never intended to visit). A copy of the decision in *Mann Hospitality* is attached hereto as **Exhibit A**. Defendant previously filed separate notices of supplemental authority attaching the decisions in *Arpan* and *Harty*. Dkt. Nos. 33, 36.

## II.    PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS MADE IN BAD FAITH AND IS THE PRODUCT OF UNDUE DELAY.

"When a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *NRA*, 2020 U.S. Dist. LEXIS 146279, at *11.

Plaintiff was on notice as early as May 7, 2020 that her Complaint may be deficient after this Court issued an Order directing Plaintiff to address whether she has standing, and the parties subsequently submitted briefs and other documents in response to the Court's Order.  Dkt. Nos. 4, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20.  Thereafter, Defendant filed an answer asserting the affirmative defenses of lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.  *See* Dkt. No. 21.  However, in her reply to Defendant's brief, Plaintiff submitted an affidavit in which she alleged, for the first time, an intent to travel to New York and visit Defendants' physical property.  Dkt. No. 17.  Plaintiff did not, however, move to amend the complaint, and instead she waited to do so until September 24, 2020, more than five (5) months after Plaintiff commenced this action, months after this Court questioned whether Plaintiff has standing to maintain this action to amend her complaint, and only after another district court in New York dismissed a similar lawsuit filed by Plaintiff's counsel for lack of standing.  *See* Dkt. Nos. 1, 4, 26.

The decision in *Harty v. West Point Realty* was likely the catalyst for the present motion. 2020 U.S. Dist. LEXIS 141893.[4]  In *Harty*, the Southern District of New York dismissed the plaintiff's complaint for failure to allege any plausible intention to revisit the defendant's website to ultimately book a hotel room or otherwise avail herself of the defendant's services.  *Id.* at *11. Less than one month after the court dismissed the lawsuit in *Harty*, Plaintiff's counsel requested a

---

[4] It should be noted that both Laufer and Harty are represented by Peter Sverd, Esq.

pre-motion conference seeking to amend the Complaint in the instant action.  Dkt, No. 22. However, Plaintiff's efforts were then and remain too little, too late, as Plaintiff should have sought to amend her complaint at or around the time these pleading deficiencies were highlighted by the Court and numerous other defendants in this and other district courts.

### III.     PLAINTIFF'S PROPOSED AMENDMENT IS PREJUDICIAL.

An amendment is prejudicial if it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  *Brevard v. Schunk*, 2020 U.S. Dist. LEXIS 11089, *33-34 (N.D.N.Y. Jan. 23, 2020) (Sannes, J.).

Though Plaintiff is correct in that no discovery has been sought, there is a pending inquiry by the Court relative to Plaintiff's standing pursuant to which there has been extensive briefing and other submissions.  *See* Dkt. Nos. 4, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20.  If Plaintiff were permitted to amend at this juncture, Defendant would have expended legal fees to respond to this Court's inquiry and be forced to either make a motion to dismiss the amended complaint or seek to have this Court apply the pending motion to Plaintiff's amended complaint, which may require additional briefing due to the additional factual allegations.  Regardless, and acknowledging that monetary prejudice alone is insufficient, allowing the amendment at this juncture would necessarily delay the Court's pending inquiry into Plaintiff's standing and, as a result, it would unnecessarily delay this matter even further.  Such prejudice to Defendant is exacerbated by the fact that Plaintiff was on notice of the pleading deficiencies in her Complaint for several months and chose not to do anything about it until now.  *See Sly Magazine, LLC v. Weider Publ'ns LLC*, 241 F.R.D. 527, 533 (S.D.N.Y. April 9, 2007) (where plaintiff provided no explanation for delay and was on notice of the need to amend for two years, denial of motion to amend was appropriate).

IV.    **IF THIS COURT IS INCLINED TO GRANT PLAINTIFF'S MOTION, THE COURT SHOULD CONSIDER THE AMENDED COMPLAINT UNDER THE SAME PENDING INQUIRY INTO PLAINTIFF'S STANDING AND ULTIMATELY FIND THAT THE NEW ALLEGATIONS REMAIN INSUFFICIENT TO ESTABLISH STANDING.**

If the Court is inclined to grant Plaintiff's motion to amend, Defendant respectfully requests that this Court consider the amended complaint as a part of the Court's pending inquiry into whether Plaintiff has standing, or defer resolution of this motion until after Judge Sannes issues a decision as to Plaintiff's standing.  *See Reus v. Arthur*, 2020 U.S. Dist. LEXIS 157219, at *2-3 (N.D.N.Y. Aug. 31, 2020) (Sannes, J.) (considering merits of the proposed amended complaint where motion to dismiss was pending); *see Village at Miller Road*, *supra*, at No. 1:19-cv-1462 (Dkt. Nos. 27, 28).  Even if the amended complaint is interposed, for the reasons set forth in Point I, *supra*, among others, Defendant submits that the Plaintiff still lacks standing and, as such, the Court does not have subject matter jurisdiction, warranting the dismissal of Plaintiff's proposed amended complaint.

**CONCLUSION**

Plaintiff failed to allege facts sufficient to establish both a concrete and particularized injury and a real and immediate threat of future injury, and as such, she lacks standing to pursue her claims in this Court.  Plaintiff's proposed amended complaint does not remedy the lack of subject matter jurisdiction and could not withstand a motion to dismiss.  Further, the proposed amended complaint is unduly delayed and prejudicial to Defendant.  For these reasons, Defendant respectfully requests that the Court issue an Order denying Plaintiff's motion to amend, or delay consideration of this motion to amend until after Judge Sannes make a decision on her *sua sponte* inquiry into Plaintiff's standing, and granting Defendant such other and further relief as this Court deems just and proper.

**Dated**: October 20, 2020

**BARCLAY DAMON LLP**

By: */s/ Robert J. Thorpe*
    Robert J. Thorpe (517411)
    Anneliese R. Aliasso (700385)

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7231
Email: rthorpe@barclaydamon.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | § | |
| *Plaintiff* | § | |
| | § | **A-20-CV-00620-JRN** |
| **-vs-** | § | |
| | § | |
| **MANN HOSPITALITY, LLC,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendant's Motion to Dismiss (Dkt. 8). Defendant moves the Court to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1), (6). The Court finds that the Motion should be GRANTED and the case dismissed.

## I.     LEGAL STANDARD

### a.  Rule 12(b)(1)

"When a motion to dismiss for lack of jurisdiction is 'filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *Crenshaw-Logal v. City of Abilene, Texas*, 436 Fed.Appx. 306, 308 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). If a complaint could be dismissed either under Rule 12(b)(1) or for failure to state a claim, "the court should dismiss only the jurisdictional ground under [Rule] 12(b)(1)," without reaching the 12(b)(6) question. *Id.* (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The party asserting that subject matter exists bears the burden on a 12(b)(1) motion. *Ramming*, 281 F.3d at 161 (5th Cir. 2001). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When a defendant seeks to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject matter jurisdiction, it can make either a "facial attack" or a "factual attack." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The standard of review for a 12(b)(1) motion varies based on whether a defendant facially or factually attacks a complaint.

In a "facial attack," the movant asserts that the allegations in the complaint are insufficient to invoke federal jurisdiction. *See Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 620 (S.D. Tex. 2014). A facial attack happens when, as here, "a defendant files a Rule 12(b)(1) motion without accompanying evidence." *Id.* (citing *Paterson*, 644 F.2d at 523). In a facial attack, allegations in the complaint are taken as true. *Blue Water Endeavors, LLC*, Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011) (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

"Standing is a required element of subject matter jurisdiction and is therefore properly challenged on a 12(b)(1) motion to dismiss." *SR Partners Hulen, LLC v. JP Morgan Chase Bank, Nat. Ass'n*, No. 3:10-CV-437-B, 2011 WL 2923971, at *3 (N.D. Tex. July 21, 2011) (citing *Xerox Corp v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)). To establish standing, the Plaintiff must allege (1) that he has suffered an injury in fact, which is both (a)

concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical;
(2) the existence of a causal connection between the asserted injury-in-fact and the conduct
complained of—the injury has to be fairly traceable to the challenged action of the defendant and
not the result of the independent action of some third party not before the court; (3) it must be
likely, as opposed to merely speculative that the injury will be redressed by a favorable decision.
*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). Particularized
means "that the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n. 1.

### b.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id.* In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as
true all factual allegations contained within the complaint. *Ray v. CitiMortgage, Inc.*, No. A-11-
CA-441-SS, 2011 WL 3269326, at *2 (W.D. Tex. July 25, 2011) (citing *Leatherman v. Tarrant
Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). However, courts
"are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556
U.S. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Id.* "The plaintiff must establish a cause of action and
demonstrate the damages sought are appropriate." *Ray*, 2011 WL 3269326, at *2 (citing *United
States v. Stanley*, 483 U.S. 669, 691 n. 7 (1987) (O'Connor, J., concurring)).

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 545. The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *United States ex rel. King v. Univ. of Texas Health Science Center-Houston*, 907 F.Supp.2d 846, 849 (S.D. Tex. 2012).

## II.    DISCUSSION

### a.    Background

Plaintiff filed her complaint on June 12, 2020 (Dkt. 1) alleging violations related to the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101 et. seq. Title III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities, including hotels. Section 12181 announces a "general rule" that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

Defendant operates a hotel called the Sunset Inn in Caldwell, Texas. *See* (Compl., Dkt. 1, at 2). Plaintiff, who is "unable to engage in the major life activity of walking more than a few steps without assistive devices" alleges that Defendant has violated the ADA by failing to "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms," among other alleged failures. *See* (Compl., Dkt. 1, at 1, 3) (citing 28 C.F.R. § 36.302(e)(1)). More specifically, Plaintiff alleges Defendant's hotel

violates the ADA by failing to ensure that third-party websites containing a listing for Defendant's hotel are in compliance with the ADA by identifying accessible rooms, allowing for booking of accessible rooms and providing information as to whether accessible rooms are available. *See* (Compl., Dkt. 1, at 4–5). Plaintiff does not allege she has visited Defendant's hotel, booked a reservation there, or traveled to the area—instead, she is an ADA "tester" and an "advocate for the rights of similarly situated disabled persons." *Id.* at 2.

Plaintiff seeks a declaratory judgment determining that Defendant is in violation of the ADA, an injunction "enjoining [Defendant] from further discrimination," and an award of attorney fees. (Compl., Dkt. 1, at 8).

Defendant moves to dismiss on the grounds that: (a) Plaintiff's claims do not provide sufficient notice of her allegations against Defendant; (b) Plaintiff fails to state a claim for relief under Title III of the ADA; (c) Plaintiff fails to allege she sought access to a place of accommodation owned or operated by Defendant; (d) Plaintiff fails to plead a sufficient nexus between Defendant's website and any physical location; (e) Plaintiff lacks standing to bring a claim against Defendant; (f) Plaintiff fails to establish her status as a "tester," resulting in lack of standing; (g) Plaintiff does not allege a concrete and particularized harm that could be cured by an injunction; and (h) Plaintiff cannot maintain a claim against Defendant for a third-party's actions.[1]

---

[1] Much of Defendant's Motion revolves around the idea that Plaintiff's status as an ADA "tester" should not be encouraged, that she filed this lawsuit to obtain attorney fees, and that she is a serial litigator, having filed more than 400 *very* similar lawsuits. *See, e.g.,* (Mot., Dkt. 8, at 1) ("She has filed countless similar lawsuits against other hotels, and each of these complaints contain the exact same vague allegations concerning the purported inaccessibility of each website.").

The Court however, agrees with Judge Xavier Rodriguez, that "the fact that a disabled plaintiff in a Title III case is a tester does not change the analysis or outcome." *See Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587 (W.D. Tex. 2010) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)). While the Court agrees there are *certainly* doubts as to Plaintiff's status as a "tester" in good faith (*see Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *5 (W.D. Tex. 2017) (discussing the frequency with which the plaintiff there filed similar suits

### b. Application

As it must, the Court first considers whether Plaintiff has standing to bring these claims against Defendant. *See Crenshaw-Logal*, 436 Fed. Appx. at 308 ("When a motion to dismiss for lack of jurisdiction is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") (internal citations omitted).

In challenging Plaintiff's standing to bring a claim, Defendant challenges all three prongs of the *Lujan* test; that is, Defendant argues that Plaintiff has not an injury-in-fact, that any injury can be traced to Defendant's actions, or that she has suffered a harm that can be redressed by a favorable decision. *See* (Mot., Dkt. 8, at 13–26). The Court begins with Injury-in-Fact.

Defendant argues that Plaintiff has not suffered an injury-in-fact, as described by the Supreme Court in *Lujan*. Defendant argues that no injury-in-fact exists because there are no "allege[d] facts giving rise to an inference that [Plaintiff] will suffer future discrimination by the defendant." *See* (Mot., Dkt. 8, at 16) (citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). More specifically, because Plaintiff has not alleged "that she ever attempted to visit any physical Defendant location and does not even assert that she intends to ever visit Defendant in the future," she cannot have suffered an injury-in-fact. Defendant cites to a number of cases for the proposition that speculative intentions to visit a place of public accommodation cannot establish standing under Title III. *See* (Mot., Dkt. 8, at 16) (citing *Kennedy v. Beachside Commercial Properties, LLC*, 732 Fed. Appx. 817, 822 (11th Cir. 2018); *Ault v. Walt Disney World Co.*, No. 6:07-CV-1785-ORL-31-KRS, 2008 WL 490581, at *2 (M.D. Fla. Feb. 20, 2008)).

---

and the failure to give pre-suit notice to defendants)), the Court will conduct its analysis without regard to the frequency with which Plaintiff files similar lawsuits.

In response, Plaintiff asserts that Defendant is misapplying the law—Plaintiff argues that a disabled person who suffers discrimination from an online reservations system has standing without regard to whether they *also* intend to book a room at the hotel or whether they *also* encounter discriminatory conditions at the physical premises. *See* (Resp., Dkt. 12, at 9). In support of this notion, Plaintiff notes that the ADA forbids discrimination in the full enjoyment of a hotel's "services." *See id.* (citing 42 U.S.C. § 12182(b)(2)(A)). Plaintiff argues that a website is a "service" of a hotel. *See id.* (citing *Haynes v. Dunkin Donuts, LLC*, 741 Fed. Appx. 752, 754 (11th Cir. 2018)). Plaintiff also points to *PGA Tour v. Martin*, 532 U.S. 661, 678–79 (2001), in which the Supreme Court rejected the notion that a plaintiff had no standing to sue unless he was a "client or customer" of the place of public accommodation.

Although the Fifth Circuit has yet to decide this issue, Defendant cites to the Eastern District of New York, which found that a plaintiff did not have standing where he alleged discrimination upon visiting a website for a hotel he did not intend to visit. *See Rizzi v. Hilton Domestic Operating Co., Inc.*, No. CV 18-1127, 2019 WL 5874327 (E.D.N.Y. July 18, 2019). In *Rizzi*, the court found that where a plaintiff had not described the "barriers" he encountered on the website and how he was impacted by those barriers, his allegations were "conclusory" and "lack specificity, and without more, preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past." *Id.* at *5. The *Rizzi* court continued, "[i]n short, a plaintiff who does not allege a personal encounter with conditions in violation of the ADA has failed to allege a direct injury." *Id.*

Plaintiff's two responses to this idea—that being a customer or client is not required to allege an ADA violation, and that the Supreme Court has held, generally, that it is possible to sue over informational violations created by statute—do not overcome decades of federal law

requiring a concrete and particularized injury to establish standing. *See* (Resp., Dkt. 12, at 11, 14). Nor does Plaintiff's attempt to stitch together an alternative understanding of "injury-in-fact" overcome the requirement to establish a concrete or particularized threat of future injury by demonstrating likelihood of returning to an area.[2] When determining likelihood to return, Courts typically consider four factors. *See Deutsch v. Abijaoude*, 2017 WL 913813, at *2–3. They are: "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definiteness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Id.* The Court must judge likelihood of return at the time suit was filed, and post-suit attempts to bolster standing cannot help. *Id.* at *3 (citing *Access 4 All*, 2005 WL 2989307, at *3).[3]

Here, Plaintiff's residence is around 1060 miles from Defendant's business, Plaintiff does not claim to have ever visited Defendant's business before, Plaintiff has not provided any evidence suggesting future plans to visit,[4] and Plaintiff has not provided any evidence suggesting she visits Caldwell, Texas frequently. The *Deutsch* court held that finding standing where the plaintiff "ha[d] a pattern of suing randomly selected business with which [he] had little or no

---

[2] *See D'Lil v. Stardust Vacation Club*, No. CIV-S-00-1496DFL, 2001 WL 1825832, at *3 (E.D. Cal. Dec. 21, 2001) (laying out four factors to consider when analyzing a plaintiff's likelihood of returning to an area); *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 594 (S.D. Tex. Feb. 27, 2014) (same); *Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005) (same); *Davis v. American Nat'l Bank of Tex.*, No. 4:12-CV-382, 2012 WL 7801700, at *6 (E.D. Tex. Dec. 11, 2012) (same); *Reviello v. Philadelphia Fed. Credit Union*, No. 12-508, 2012 WL 2196320, at *4 (E.D. Pa. June 14, 2012) (same); *Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *2–3 (W.D. Tex. 2017) (same).

[3] Here, Plaintiff has advocated for the "broader" understanding of the constitutional standing requirement applied by Judge Xavier Rodriguez in *Betancourt*. *See Betancourt*, 735 F. Supp. 2d 587, 604. Under that theory, the risk of injury-in-fact is "not speculative, so long as the alleged discriminatory barriers remain in place, the plaintiff remains disabled, and the plaintiff is 'able and ready' to visit the facility once it is made compliant." *Id.* at 604. However, even applying this broader theory, the plaintiff must still prove "that they would like to visit the building in the imminent future but for [the discriminatory] barriers." *See Deutsch*, 2017 WL 913813, at *3 (analyzing Judge Xavier's "broader" theory). As a result, the Court is of the opinion that no theory present in the Fifth Circuit precludes an analysis of whether the Plaintiff is likely to return to the Defendant's business.

[4] Plaintiff claims she intends to "visit Texas" when the coronavirus crisis abates. *See* (Resp., Dkt. 12, at 21). In addition to being a baseless "I intend to" statement, this is also much more generic than a plan to visit Caldwell, to visit Burleson County, or even to visit *Central* Texas.

prior relationship, and no plans of creating one in the future . . . would be to stretch the notion of standing past the breaking point." *Deutsch*, 2017 WL 913813, at \*5.

 The Court concludes that Plaintiff has failed to establish that she intends to patronize the Sunset Inn in Caldwell, Texas. Rather, it appears that her and her attorney's sole intent in this litigation is to bully the Defendant into handing over as much money as possible, completely without a relationship with the business. Therefore, the Court finds that Plaintiff has failed to demonstrate an "actual or imminent" injury that is not merely "conjectural or hypothetical," or that she has "concrete plans" to patronize the business in the future. Plaintiff has no standing, and the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

 Having concluded that Plaintiff has not alleged an injury-in-fact, the Court does not need to consider the remaining elements of standing or the 12(b)(6) motion.

### c. Attorney's Fees

 Defendant requests that it be granted reasonable attorneys' fees and costs. *See* (Mot., Dkt. 8, at 25). 28 U.S.C. § 1919 states that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs. 28 U.S.C. § 1919. "Section 1919 is permissive, allows the district court to award 'just costs' and does not turn on which party is the 'prevailing party.'" *Deutsh*, 2017 WL 913813, at \*6. The Court finds that it is appropriate that Defendant be awarded its attorneys' fees and costs.

### III. CONCLUSION

 For the reasons described herein, the Court enters the following orders.

 **IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. 8) is **GRANTED**. Final judgment will be entered accordingly.

**IT IS FURTHER ORDERED** that Defendant is to be awarded its Costs and Reasonable

Attorneys' Fees.

SIGNED this 30th day of September, 2020.


_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE