

225 Broadway, Suite 613
New York NY 10007

☎ 646-751-8743
📠 212-964-9516
✉ psverd@sverdlawfirm.com
🌐 www.sverdlawfirm.com

January 26, 2021

**By Email**
Robert J. Thorpe, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

        Re:  **Deborah Laufer v. Dove-Hess Holdings, LLC**
            Case No.: 5:20-cv-379 (BKS/ML)
            **Notice of Intent to Move for Sanctions**

Greetings Attorney Thorpe,

      Plaintiff is in receipt of your email dated January 22, 2021, and the Final Fully Executed Contract of Sale entered into between Dove-Hess Holdings, LLC and Kamil Malik and/ or an entity to be formed, dated June 24, 2020, and deed recording information from the Cayuga County Clerk, dated August 25, 2020 to M J Cayuga LLC.

      On September 1, 2020 Plaintiff requested by letter motion, a premotion conference seeking to amend her complaint (Doc. 22). On September 4, 2020, you and your client opposed the plaintiff's request (Doc. 23). Nowhere in your September 4, 2020 Opposition did you notify counsel or The Court that Dove Hess had sold the property.   On September 8, 2020, you and your client served and filed its Corporate Disclosure Statement (Doc. 24).  On September 9, 2020, The Court denied the premotion conference and directed Plaintiff to amend her pleadings by motion. (Doc. 25).   On September 24, 2020, the Plaintiff moved The Court for leave to amend her complaint (Doc. 26). On September 29, 2020 (Doc. 27), October 9, 2020 (Doc.30), you and your client filed Notices of Supplemental Authority. On October 20, 2020 you  and your client opposed the Plaintiff's motion to amend her complaint by filing a 24 page Memorandum of Law in Opposition (Doc. 32) .  Nowhere in your October 20, 2020 Opposition did you notify counsel or The Court that Dove Hess had sold the property. On November 19, 2020 The Court denied the Plaintiff's motion to amend her complaint with leave to renew. (Doc. 36). On December 21, 2020, Plaintiff moved to certify The Court's November 19, 2020 Decision and Order for Appeal (Doc. 37).  On  January 19, 2021, you informed The Court that the Defendant no longer owns the property (Court minute entry).

      Federal Rules of Civil Procedure, Rule 11 provides in pertinent part that:

      b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

*Page 2 of 2*
*January 26, 2021*
*Attorney Thorpe*

>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

The failure to apprise Plaintiff, and The Court that Dove-Hess Holdings was in contract to sell the property at any time from June 24, 2020 to January 19, 2021, or that the property had been sold from August 25, 2020 to January 19, 2021, is sanctionable conduct which has damaged the Plaintiff, as well as, Plaintiff's counsel. The failure to disclose this information was misleading, improper, and a frivolous misrepresentation to the court, which in turn, needlessly increased the costs of this litigation, and caused an unnecessary delay in the proceedings against Dov Hess and its successor in interest who "purchased" this lawsuit.

Please guide your actions accordingly,


Peter Sverd, Esq.