**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DEBORAH LAUFER, Individually,

                              Plaintiff,                    5:20-cv-00379 (BKS/ML)

v.

DOVE HESS HOLDINGS, LLC,

                              Defendant.

---

**Appearances:**

*For Plaintiff:*
Peter Sverd
Law Offices of Peter Sverd, PLLC
225 Broadway
Suite 613
New York, NY 10007

*For Defendant:*
Robert J. Thorpe
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION AND BACKGROUND**

On April 1, 2020, Plaintiff Deborah Laufer, a Florida resident and an individual with a

disability, filed this action against Defendant Dove Hess Holdings, LLC, asserting causes of

action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq.

and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a). (Dkt.

No. 1). Plaintiff's complaint, which alleges ADA and NYSHRL violations on the online

reservation system ("ORS") for Defendant's hotel (the "Property"), initially alleged that Plaintiff had standing to bring suit based on her status as an ADA "tester" who visits hotels' ORSs "for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." (Dkt. No. 1, ¶ 2). Following this Court's issuance of an order requiring Plaintiff to "explain[] why the complaint should not be dismissed for lack of subject matter jurisdiction," (Dkt. No. 4, at 2), and briefing on the standing issue by both parties, (Dkt. Nos. 7, 11, 17), Plaintiff sought leave to amend her complaint to add allegations that she not only visited the ORS in her capacity as a "tester," but also needed to use the ORS to determine whether she could book an accessible room at Defendant's Property for purposes of a future visit to the area. (Dkt. No. 26).

On November 18, 2020, this Court issued a decision on Plaintiff's motion to amend (the "November 18 Order"), holding, in substance, that: (1) Plaintiff's "tester" status was not, in itself, sufficient to confer standing for the injuries she alleged; (2) Plaintiff's new allegations sufficiently established a likelihood of future injury based on her intent to visit the area near Defendant's Property; and (3) Plaintiff's allegations about her *future* intent to visit Defendant's Property were not sufficient to demonstrate a *past* injury-in-fact, as necessary to show that she had standing at the time she filed the initial complaint. *Laufer v. Dove Hess Holdings, LLC*, No. 20-cv-00379, 2020 WL 7974268, 2020 U.S. Dist. LEXIS 246614 (N.D.N.Y. Nov. 18, 2020).[1] The Court therefore denied Plaintiff's motion to amend, but granted Plaintiff an opportunity to attempt to address the remaining deficiencies in her standing allegations by filing a second motion to amend within 30 days. *Id.* at *17, 19, 2020 U.S. Dist. LEXIS 246614, at *49-50, 56-

---

[1] For purposes of this decision, the Court assumes familiarity with the relevant facts as set forth in its November 18 Order.

57. The Court issued a corresponding order in Plaintiff's numerous other nearly identical cases pending before it. *See Laufer v. Laxmi & Sons, LLC*, 2020 WL 6940734, 2020 U.S. Dist. LEXIS 216752 (N.D.N.Y. Nov. 19, 2020).

Rather than file a motion to amend, Plaintiff filed a motion asking this Court to certify its November 18 Order as an appealable order under 28 U.S.C.A § 1292 et seq. (Dkt. No. 37). Plaintiff argued that, in light of the Court's decision on her "tester" standing, "any amended complaint would be futile," and that the November 18 Order met the standards for certification under 28 U.S.C.A § 1292(b). (Dkt. No. 37-3, at 1-4). Plaintiff did, however, file a motion to amend in her other nearly identical pending cases.[2]

The Court held a teleconference on Plaintiff's certification motion, in which Plaintiff's counsel stated that the concession that amendment would be futile was an error, and that notwithstanding the Court's ruling that Plaintiff could not establish standing based on "tester" status alone, she did intend to continue to pursue her alternative theory that she has standing based on her intention to actually to visit the area near Defendant's Property. Also at the teleconference, Defendant's counsel revealed for the first time that Defendant had sold the Property. The Court ordered the parties to confer regarding the appropriate path forward for the case in light of these developments, and to file a status report by January 29, 2021.

On January 29, Plaintiff filed a letter motion explaining that, based on documentation provided by Defendant's counsel, it appears Defendant sold the Property to "Kamil Malik and/or an entity to be formed" in June 2020, and that as of August 2020, an entity named "M J Cayuga LLC" ("MJ") now owns the Property. (Dkt. No. 40, at 1; Dkt. No. 40-1 (Contract of Sale for the

---

[2] *See, e.g., Laufer v. Shree Hari Holdings, LLC*, No. 19-cv-01559, Dkt. No. 34; *Laufer v. Laxmi & Sons, LLC*, No. 19-cv-01501, Dkt. No. 21; *Laufer v. Welcome Motels, Inc. et. al.*, No. 20-cv-00281, Dkt. No. 16.

Property dated June 24, 2020, with the deed recording information from the Cayuga County

Clerk dated August 25, 2020)). Nonetheless, Plaintiff declines to voluntarily dismiss this action

against Defendant "at this time," asserting that there are "still issues of fact regarding ownership"

and property management. (Dkt. No. 40, at 1). Plaintiff asks that this Court: (1) grant Plaintiff's

motion to certify the Court's November 18 order as an appealable order; (2) grant Plaintiff leave

to "[a]dd MJ as a party defendant" and "interpose a Second Amended Complaint," issue a

summons against MJ, and allow the Defendants to "move to dismiss the Second Amended

Complaint, pre-answer"; and (3) hold a pre-motion conference and grant Plaintiff leave to make

a motion for sanctions against Defendant's counsel based on its failure to inform Plaintiff or the

Court of the Property's sale between August 2020 and January 2021. (Dkt. No. 40, at 3). In its

own status report, filed the same day as Plaintiff's, Defendant opposes Plaintiff's requests for

certification and sanctions and asserts that, because Defendant Dove Hess no longer owns the

Property, Plaintiff's claims against it should be dismissed. (Dkt. No. 42, at 1-2).

For the following reasons, Plaintiff's request for certification of the Court's November 18

order as an appealable order is denied, Plaintiff is granted leave to file a motion to amend her

complaint, and Plaintiff is ordered to submit letter briefs explaining why her claims against

Defendant Dove Hess should not be dismissed as moot and justifying her request for sanctions.

## II.     DISCUSSION

### A.     Certification Under 28 U.S.C.A § 1292(b)

28 U.S.C. § 1292(b) provides that a District Court may certify an otherwise non-

appealable order for immediate appeal if "such order involves a controlling question of law as to

which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation." "Certification is only

warranted in 'exceptional cases,' where early appellate review 'might avoid protracted and

expensive litigation.'" *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000)

(quoting *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y.

1987)). "Section 1292(b) was not intended . . . to be a 'vehicle to provide early review of

difficult rulings in hard cases.'" *Id.* (quoting *German ex rel. German v. Fed. Home Loan Mortg.

Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)). Therefore, "only 'exceptional circumstances

[will] justify a departure from the basic policy of postponing appellate review until after the

entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)

(alteration in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). And

"even if the order qualifie[s] for certification under 28 U.S.C. § 1292(b), the certification

decision is entirely a matter of discretion for the district court." *Michael Shovah v. Roman

Catholic Diocese of Albany, N.Y., Inc.* (*In re Roman Catholic Diocese of Albany, N.Y., Inc.*), 745

F.3d 30, 36 (2d Cir. 2014).

　　　Section 1292(b)'s first prong requires "a pure question of law that the reviewing court

could decide quickly and cleanly without having to study the record." *Youngers v. Virtus Inv.

Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (internal quotation marks omitted).

"The question must also be 'controlling' in the sense that reversal of the [district] court would

terminate the action, or at a minimum that determination of the issue on appeal would materially

affect the litigation's outcome." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y.

2005); *see also Klinghoffer*, 921 F.2d at 24. To establish the second prong—that a "substantial

ground for difference of opinion" exists—the moving party must show that "(1) there is

conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression

for the Second Circuit." *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337

(S.D.N.Y. 2014) (quoting *Florio v. City of New York*, No. 06-cv-6473, 2008 WL 3068247, at *1,

2008 U.S. Dist. LEXIS 59022, at *3 (S.D.N.Y. Aug. 5, 2008)). The issue must involve "more than just a strong disagreement among the parties." *Donohue v. Madison*, No. 13-cv-918, 2017 WL 3206326, at *5, 2017 U.S. Dist. LEXIS 117632, at *13 (N.D.N.Y. July 27, 2017) (internal quotation marks omitted). With regard to the third prong, an "immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." *Transp. Workers Union, Local 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (internal quotation marks omitted).

Plaintiff argues that the Court's decision in the November 18 Order that her "tester" status alone is insufficient to establish standing meets the foregoing standards. (Dkt. No. 37-3, at 3-4). The Court agrees with Plaintiff that, given the lack of developed case law in this Circuit and the widely divergent case law around the country addressing this issue, there is a "substantial ground for difference of opinion" regarding whether "tester" status alone is enough for standing in the context of Plaintiff's claims. However, Plaintiff still intends to pursue her alternative standing theory—that she visited Defendant's ORS not only in her capacity as a "tester," but also with the intention of actually visiting the area near Defendant's Property in the future. Thus, it will not be clear whether the November 18 Order involves a "controlling question of law" whose immediate appeal will "materially affect the litigation's outcome" until the Court decides whether Plaintiff has standing under this alternative theory. If the Court finds that Plaintiff has standing under her alternative theory, her claims will advance, and the Court's prior decision that her "tester" status alone was insufficient will have no bearing on the ultimate outcome of the litigation. Furthermore, as discussed below, there remain questions over whether Plaintiff's

claims against Defendant must be dismissed on mootness grounds, in which case any appeal of the Court's November 18 Order would become moot as well.[3]

For the foregoing reasons, the Court finds that certifying its November 18 order as an appealable order would be premature at this time, and declines to exercise its discretion under 28 U.S.C.A. § 1292(b) to do so.

### B.   Motion to Amend

Plaintiff also requests that the Court grant her leave to "[a]dd MJ as a party defendant" and "interpose a Second Amended Complaint," issue a summons against MJ, and allow the Defendants to "move to dismiss the Second Amended Complaint, pre-answer." (Dkt. No. 40, at 3). However, unlike in her other cases, Plaintiff has not yet sought to amend her complaint to address the standing deficiencies identified in the Court's November 18 Order. Simply adding a new defendant to the complaint without also addressing those deficiencies would be futile. Therefore, two weeks from the date of this order, Plaintiff may file a motion for leave to amend her complaint to both add MJ as a Defendant and add any standing allegations necessary to resolve the deficiencies identified in the Court's November 18 Order.

### C.   Mootness

While Plaintiff acknowledges that Defendant Dove Hess has sold the Property to MJ, and seeks to add MJ as a Defendant, Plaintiff states that she will not dismiss her claims against Defendant Dove Hess at this time. She argues that "[t]here are still issues of fact regarding

---

[3] Plaintiff attached to her most recent filing an opinion from the District Court for the Western District of Wisconsin analyzing similar claims to those Plaintiff brings here, in which the Court found that Plaintiff sufficiently alleged standing, but nonetheless certified the decision for appeal under 28 U.S.C. § 1292(b), finding that the wide disagreement among District Courts and the "real world consequences" of that disagreement made the case "one of the rare cases that warrants immediate review by the Seventh Circuit." *Laufer v. Lily Pond LLC C Series*, 2020 WL 7768011, at *5, 2020 U.S. Dist. LEXIS 244506, at *12-13 (W.D. Wis. Dec. 30, 2020).  However, the court in *Lily Pond* certified its order for appeal after rendering a final decision on Plaintiff's standing. As explained, the Court has not done so here, since a ruling on Plaintiff's alternative, non-tester standing theory remains outstanding. Therefore, under the circumstances of this case certification of an interlocutory appeal would be premature.

ownership of MJ," including "whether any member of Dove Hess is a member or has an interest in MJ" and "whether Dove Hess still manages the Property"; that Defendant "is a necessary party to this lawsuit as the predecessor in interest[] who did not comply with the ADA at the time the lawsuit was commenced"; and that "MJ may have claims against Dove Hess that survive their closing." (Dkt. No. 40, at 1). Defendant states that "[b]ecause Defendant no longer owns the Property or otherwise controls the website(s) at issue in this lawsuit, we do not believe this action can or should continue against Defendant." (Dkt. No. 42, at 1-2). Neither party has cited legal authority in support of their respective positions.

A court lacks subject matter jurisdiction in a case brought pursuant to Title III of the ADA if the alleged discriminatory conduct is moot because in that event, there is no longer any case or controversy under Article III. *See Christian v. New York State Bd. of Law Examiners*, 899 F. Supp. 1254, 1256 (S.D.N.Y. 1995). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). As relevant here, Title III of the ADA authorizes only suits for injunctive and declaratory relief, and not for monetary damages, against "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *Powell v. National Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("Monetary relief . . . is not available to private individuals under Title III of the ADA."); *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) ("It is well established that Title III of the ADA allows only for injunctive relief, not monetary damages"). Therefore, to the extent Defendant Dove Hess no longer owns or operates the property in question, there is a serious question as to whether Plaintiff's ADA claim against it—for which she can only obtain forward-looking injunctive relief, not monetary damages—remains a live case or controversy.

In light of the foregoing standards, at the same time she files her motion to amend,

Plaintiff should submit a letter brief, with citations to legal authority, explaining why Defendant

Dove Hess remains a proper party to the case and why her claims against it should not be

dismissed as moot, given the record evidence that it has sold the Property in question. Defendant

Dove Hess should also brief this question in connection with its response to Plaintiff's motion to

amend. In connection with their briefing, either party may submit documentary evidence

regarding any factual issues relevant to the mootness question, including, *inter alia*, whether

Defendant Dove Hess retains any ownership stake in, or continues to have any role in operating,

the Property.

### D.      Motion for Sanctions

Plaintiff seeks the Court's permission to file a motion for sanctions against Defendant's

counsel, asserting that Defendant's counsel "had an obligation to disclose to Plaintiff and [t]he

Court no later than August 25, 2020 that Dov[e] Hess Holdings had sold the Property," and that

the failure to do so violated 28 U.S.C. § 1927, which provides:

> "Any attorney or other person admitted to conduct cases in any court of the United States
> or any Territory thereof who so multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such conduct."

(Dkt. No. 40, at 2-3 (quoting 28 U.S.C. § 1927)). Plaintiff argues that Defendant's failure to

promptly inform Plaintiff and the Court that the Property had been sold as of August 2020 led to

significant unnecessary motion practice between August and January, prejudicing Plaintiff and

wasting the Court's resources. (*Id.*). In its status report, Defendant attaches correspondence

between the parties' counsel regarding Plaintiff's sanctions request, in which Defendant's

counsel states that "[i]t was Judge Sannes' decision in November that made it indisputable that

the sale of [Defendant's] property was dispositive," and calls Plaintiff's sanctions request a

"blatant attempt to use the threat of sanctions to extort a settlement from [Defendant]." (Dkt. No. 42, at 4). Neither party cites case law in support of their respective positions.

To the extent she wishes to move for sanctions against Defendant's counsel, at the same time she files her motion to amend her complaint, Plaintiff should file a letter brief setting forth the legal authority under which her request for sanctions is warranted. Defendant may respond to this letter brief at the same time it responds to Plaintiff's motion to amend her complaint and corresponding briefing.

## III.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to certify the Court's November 18 order as an appealable order pursuant to 28 U.S.C.A § 1292(b) (Dkt. Nos. 37, 40) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for leave to amend her complaint to add an additional party and to move for sanctions (Dkt. No. 40) is **GRANTED** to the extent that, no later than February 17, 2021, Plaintiff may file: (1) a motion to amend her complaint to add MJ as a Defendant and add any allegations necessary to cure the standing deficiencies identified in the Court's November 18 order, (2) a letter brief, with citations to relevant legal authority, explaining why Plaintiff's claims against Defendant Dove Hess should not be dismissed as moot, and (3) a letter brief, with citations to relevant legal authority, explaining why Plaintiff should be permitted to move for sanctions against Defendant's counsel; and it is further

**ORDERED** that, no later than March 3, 2021, Defendant may respond to any or all of the foregoing filings; and it is further

**ORDERED** that a telephonic hearing regarding the foregoing filings will be set for

March 17, 2021 at 10:00 AM.

**IT IS SO ORDERED.**

Dated: February 3, 2021
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge