UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DEBORAH LAUFER,

        Plaintiff,

Case No.: 5:20-cv-379 (BKS/ML)

v.

DOVE HESS HOLDINGS, LLC,

        Defendant.

-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO IMPOSE SANCTIONS**

Plaintiff, by and through undersigned counsel, hereby submits this Memorandum In Support of her motion to impose sanctions pursuant to 28 USC section 1927 and inherent powers of court.

## STATEMENT OF FACTS

This action was commenced by summons and complaint on April 2, 2020, by the Plaintiff against the Defendant. (Doc. 1 & 2). Dov Hess waived service of process of the summons and complaint (Doc. 6) on May 14, 2020. On June 19, 2020, Dov Hess filed a Memorandum of Law contesting the Plaintiff's standing. (Doc. 11). On July 8, 2020, Dov Hess interposed its answer. (Doc. 21).

On January 22, 2021, Dov Hess's counsel notified The Court and Plaintiff's counsel for the first time that during the pendency of this action, on June 24, 2020, Dov Hess had entered into a Final Fully Executed Contract of Sale entered to sell the land and hotel to Kamil Malik and/ or an entity to be formed. It was also disclosed for the first time on August 25, 2020, Dov Hess had executed a deed of to the property and the hotel to M J Cayuga LLC.

Seven (7) months passed between the date that the contract was entered to, and five (5) months passed between the date the property was sold and these facts were disclosed.

During that time period Plaintiff and The Court engaged in substantial legal work against a party, by whose actions mooted the case against Dov Hess- which was no longer a "proper party" to the case. The following legal work was undertaken by the Plaintiff and The Court, after Dov Hess had sold the property.

1. On September 1, 2020 Plaintiff requested by letter motion, a premotion conference seeking to amend her complaint against Dove Hess. (Doc. 22).

2. On September 4, 2020, Dov Hess opposed the plaintiff's request (Doc. 23).

3. Nowhere in Dov Hess' September 4, 2020 Opposition did the defendant notify counsel or The Court that Dove Hess had sold the property.

4. On September 8, 2020, Dov Hess served and filed its Corporate Disclosure Statement (Doc. 24).

5. On September 9, 2020, The Court denied the premotion conference and directed Plaintiff to amend her pleadings by motion. (Doc. 25).

6. On September 24, 2020, the Plaintiff moved The Court for leave to amend her complaint (Doc. 26).

7. On September 29, 2020 (Doc. 27), October 9, 2020 (Doc.30), Defense Counsel and Dov Hess filed Notices of Supplemental Authority.

8. On October 20, 2020 Defense Counsel and Dov Hess opposed the Plaintiff's motion to amend her complaint by filing a 24 page Memorandum of Law in Opposition (Doc. 32). Nowhere in Defense Counsel and Dov Hess' October 20, 2020 Opposition did they notify counsel or The Court that Dove Hess had sold the property.

9. On November 19, 2020 The Court denied the Plaintiff's motion to amend her complaint with leave to renew. (Doc. 36).

10. On December 21, 2020, Plaintiff moved to certify The Court's November 19, 2020 Decision and Order for Appeal (Doc. 37).

11. On January 19, 2021, Defense Counsel and Dov Hess informed The Court that the Defendant no longer owns the property (Court minute entry).

## POINT I.

### THE APPLICABLE STANDARD
### 28 USC SECTION 1927 AND INHERENT POWERS OF COURT

Under 28 U.S.C. § 1927, an attorney "who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The imposition of sanctions under § 1927 requires a "clear showing of bad faith." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) (quoting Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1010 (2d Cir. 1986)). "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id.

Additionally, courts have inherent power to sanction bad faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1981). A court may assess attorneys' fees and costs "where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Int'l Bhd. of Teamsters, 948 F.2d at 1345 (internal quotation marks omitted). There must be "a particularized showing of

3

bad faith to justify the use of the court's inherent power." Id. Generally, where conduct may be "adequately sanctioned" under Rule 11 or § 1927, a court should apply sanctions under those provisions; however, where conduct would not be adequately sanctioned by Rule 11 or § 1927, "the court may safely rely on its inherent power." Chambers, 501 U.S. at 50.

The Second Circuit decision in Oliveri v. Thompson, held that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power[.]" Id. at 1273 (citation omitted). The court explained that "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is, ..., that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." Id. See Kron v. Moravia Central School Dist., 2001 WL 536274 (NDNY 2001).

Bad faith may be found in the conduct of the litigation. Id. Citing, Oliveri v. Thomspson.

"Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri, 803 F.2d at 1273 (citation omitted). Such bad faith must be established by both "clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes." Dow Chemical Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir.1986) (internal quotation marks and citations omitted) (alteration in original). "Whether a claim is colorable, ... is a matter of 'whether a reasonable attorney could have concluded that facts supporting the claim *might be established,* not whether such facts actually *had*

4

been established." '*Id.* (quoting Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir.1980) (emphasis in original))

## POINT II.

### SANCTIONS ARE APPROPRIATE IN THIS INSTANCE

The statute and regulations require that once Dov Hess sold the property, the Plaintiff no longer had any basis in law to continue its action against them.  Plaintiff's claims are based 42 U.S.C. Section 12182(a), which provides:

> (a) General rule
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations
>  42 U.S.C. Section 12182(b)(2)(A)(ii).

This latter subsection is the subject of regulations promulgated by the Department Of Justice ("DOJ"). Specifically, the DOJ promulgated 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), which provides:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party….

Once Dov Hess sold the property, and the hotel, its conduct was no longer governed by the law, and could no longer be a proper defendant; Dove Hess was no longer an "owner" " lessor" or "operator" of a place of lodging.

Accordingly, The Court and the Plaintiff should have been notified of the sale immediately after it took place. The Plaintiff and The Court were shadow boxing from September 1, 2020, through January 19, 2021. The Defense attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.

### III

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanction against defense counsel for the work conducted from September 1, 2020 up to and including January 129, 20201 should be granted due to the multiple proceedings in this case which were unreasonably and vexatiously conducted by the defense counsel who failed to disclose material facts to This Court and to Plaintiff. The Defense counsel should personally pay the Plaintiff the excess costs, expenses, and attorneys' fees reasonably incurred because of its conduct.

Dated: New York, New York

    February 17, 2021

                          Respectfully submitted,

                          Peter Sverd, Esq.