**B A R C L A Y   D A M O N**<sup>LLP</sup>

**Robert J. Thorpe**
*Partner*

March 2, 2021

<u>**VIA CM/ECF**</u>

Hon. Brenda K. Sannes
United States District Court Judge
Northern District of New York
James M. Hanley Federal Building and Courthouse
P.O. Box 7336
Syracuse, New York  13261

> Re:   <u>**Laufer v. Dove Hess Holdings, LLC**</u>
>          **Case No. 5:20-cv-379 (BKS/ML)**

Dear Judge Sannes:

Please accept this letter as Defendant Dove Hess Holdings, LLC's ("Defendant") response to Plaintiff Deborah Laufer's ("Plaintiff") motion for sanctions.

Plaintiff's (unauthorized) motion for sanctions is entirely without merit and, quite frankly, frivolous, warranting, if anything, the imposition of sanctions against *Plaintiff*. For the reasons that follow, Defendant respectfully requests that the Court issued an Order denying Plaintiff's motion for sanctions and dismissing this action against Defendant.

<u>**Background**</u>

As discussed at the teleconference with the Court held on January 19, 2021, Defendant informed Plaintiff and the Court that it no longer owns the property and otherwise has no control over the website(s) at issue in this lawsuit. Thereafter, in response to Plaintiff's e-mail request, Defendant provided Plaintiff with documentation—i.e., the Commercial Property Purchase and Sale Agreement and deed recording information—sufficient to show that Defendant "sold the property" and "may no longer be a proper defendant in this case." *See* Dkt. No. 42. However, as noted in Defendant's recently filed status report, on January 26, 2021, Plaintiff's counsel advised that his client was not going to dismiss the action against Defendant and, instead, threatened that, unless Defendant was willing to settle the case, he planned to file a motion for sanctions based on Defendant's failure to previously disclose the fact that the property had been sold. *See id.*

Your Honor thereafter issued an Order, dated February 3, 2021, denying Plaintiff's motion for certification and granting Plaintiff's motion for leave to amend her Complaint to add an additional party and to move for sanctions "<u>**to the extent that**</u>, no later than February 17, 2021, Plaintiff may file: (1) a motion to amend her complaint to add MJ as a Defendant and add

Barclay Damon Tower – 125 East Jefferson Street – Syracuse, New York 13202  barclaydamon.com
rthorpe@barclaydamon.com  Direct: 315.413.7231  Fax: 315.703.6268

22221234.1

March 2, 2021
Page 2

any allegations necessary to cure the standing deficiencies identified in the Court's November 18 order, (2) a letter brief, with citations to relevant legal authority, explaining why Plaintiff's claims against Defendant Dove Hess should not be dismissed as moot, and (3) a letter brief, with citations to relevant legal authority, explaining why Plaintiff should be permitted to move for sanctions against Defendant's counsel." *See* Dkt. No. 44 (emphasis added).

However, instead of submitting **any** of the three filings allowed by the Court, on February 17, 2021, Plaintiff moved for sanctions and separately moved for an extension of time to file her motion to amend complaint to add the proper party defendant and notice of intention to dismiss action against Defendant. *See* Dkt. Nos. 45, 46.

## **Defendant's Response to Plaintiff's Motion for Sanctions**

Assuming *arguendo* that Plaintiff was permitted to file the present motion for sanctions,[1] the Court should deny it as meritless. Plaintiff's entire motion is based on Defendant's purported delay in informing Plaintiff that the property at issue had been sold. However, the short and simple truth is that Defendant had no reason to inform Plaintiff of the change in ownership until after: (1) the Court issued an Order determining that Plaintiff's amended allegations "giv[e] rise to a reasonable inference that Plaintiff intends to visit the area near Defendant's property in the future" (*see* Dkt. No. 33 at p. 30); and (2) Plaintiff voluntarily elected to continue litigating this case by filing a motion for certification.

Plaintiff's original complaint was filed against Defendant on April 1, 2020. *See* Dkt. No. 1. At that time, Defendant was the lawful owner of the property at issue. As stated in this Court's Decision and Order, dated November 18, 2020, Plaintiff's original complaint relied solely on her status as an ADA "tester." *See* Dkt. No. 33 at p. 5. It did not contain any allegations that she ever actually intended to visit Defendant's property, nor did it contain any specific details about when and how often she intended to go back and "test" Defendant's online reservation system for ADA compliance. *See id.* As such, the allegations in Plaintiff's original complaint concerned only the time period when Defendant was the owner of the property and website at issue.

On September 24, 2020, Plaintiff filed a motion for leave to amend the complaint to, *inter alia*, add factual allegations to correct this pleading deficiency. *See* Dkt. No. 26. Specifically, Plaintiff's proposed amended complaint alleged, among other things, that she "has a system of rechecking the online reservation systems of each and every hotel she has sued . . . [;] has family in New York and travels to the State to visit them frequently . . . [; and] plans to return to the State and to travel to all the regions of the State as soon as the Covid crisis is over and will return

---

[1] As stated above, the Court's February 3, 2021 Order does not permit Plaintiff to file a motion for sanctions. *See* Dkt. No. 44. Instead of filing a letter brief explaining why she should be permitted to do so, Plaintiff disregarded the Court's Order and moved for sanctions. Irrespective of the fact that the Court may sanction Plaintiff for "willful disobedience of a court order," *see Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991); *see also Ward v. Powell,* 643 F.2d 924, 931 (2d Cir. 1981) ("[a] court has the inherent power to hold a party in civil contempt in order to 'enforce compliance with an order of the court.'"), the Court should not consider Plaintiff's motion because it was made without the Court's permission.

March 2, 2021
Page 3

again in the subsequent future consistent with her frequent visits to the area." *See* Dkt. No. 33 at p. 5. Thereafter, the Court determined that these proposed new allegations were sufficient with respect to her intent to visit Defendant's website and property in the future. *See* Dkt. No. 33 at pp. 28-32. However, the Court denied Plaintiff's motion for leave to amend because the proposed amended complaint still lacked allegations sufficient to "support a reasonable inference that Plaintiff suffered a past concrete, particularized injury in fact." *See id.* at p. 32. The Court allowed Plaintiff thirty (30) days to further amend the complaint to address the remaining deficiencies concerning standing. *See id.* Therefore, up until the Court's decision on November 18, 2020, the current ownership of the property and website was irrelevant.

Furthermore, one day later, on November 19, 2021, the Court issued an Order dismissing this case, as well as Plaintiff's other similar cases filed in this Court, without prejudice, because she had failed to establish standing. *See* Dkt. No. 36. Thereafter, on December 21, 2020, Plaintiff filed a motion to certify the Court's November 19, 2020 Order as an appealable Order. *See* Dkt. No. 37. In response, on January 8, 2021, Defendant filed a letter motion requesting a teleconference with the Court to discuss the futility of said motion, which the Court granted on January 11, 2021. *See* Dkt. Nos. 38, 39. At the January 19, 2021 teleconference, Defendants informed Plaintiff and the Court of the transfer of ownership due to its potential impact on this lawsuit, which, again, only arose <u>after</u> the Court's decision on standing and the Plaintiff's motion for certification. Accordingly, Defendant did nothing wrong, and the fact that Plaintiff perhaps chose the wrong case in which to file a motion for certification cannot be blamed on Defendant.

It should also be noted that the threshold finding required to justify sanctions under court's inherent power is extremely high, requiring "clear evidence" of "clearly egregious" conduct. *See Kron v. Moravia Cent. Sch. Dist.*, 2001 U.S. Dist. LEXIS 6573 (N.D.N.Y. May 3, 2001). Indeed, as Plaintiff aptly admits, the imposition of sanctions under 28 U.S.C. § 1927 requires a "clear showing of bad faith." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986). "The court must find that the very temple of justice has been defiled by the sanctioned party's conduct." *United States v. Seltzer*, 227 F.3d 36, 41 n.2 (2d Cir. 2000). Surely there is no evidence, let alone "clear evidence," of any improper conduct, let alone "clearly egregious" conduct, by or on behalf of Defendant in this case. Moreover, Plaintiff has not cited any legal authority to support the imposition of sanctions under the circumstances before the Court. *See generally* Dkt. No. 45. Instead, Plaintiff merely recites legal standards without providing any specific application to the facts of this case. *See id.* Further, since November 18, 2020, the <u>*only work*</u> Plaintiff's counsel performed was the motion for certification, which Plaintiff voluntarily elected, but was not required, to file. *See* Dkt. Nos. 36, 37.

*       *       *

Based on the foregoing, Defendant respectfully requests that the Court issue an Order denying Plaintiff's motion for sanctions, dismissing this action against Defendant, and granting such other and further relief as the Court deems just and proper.

March 2, 2021
Page 4


If you have any questions, please do not hesitate to contact me at (315) 413-7231.  We appreciate the Court's time and consideration.

Respectfully submitted,

*/s/ Robert J. Thorpe*

Robert J. Thorpe

cc:      All Counsel of Record (via CM/ECF)