UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBORAH LAUFER, Individually,

                               Plaintiff,                1:19-CV-1501 (BKS/ML)

v.

LAXMI & SONS, LLC,

                               Defendant.
_____

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Deborah Laufer, a Florida resident and an individual with a disability, filed this action asserting causes of action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a). (Dkt. No. 1). Plaintiff seeks injunctive and declaratory relief, damages, and attorney's fees. (*Id.*). Plaintiff has filed approximately 60 nearly identical cases against different defendants in the Northern District of New York, 17 of which remain open and assigned to this Court. On May 6, 2020, the Court issued an order in this case, which was subsequently filed in all of Plaintiff's cases that were open at the time and have since been opened, requiring Plaintiff to submit briefing explaining why the complaint should not be dismissed for lack of subject matter jurisdiction, given questions the Court raised regarding whether the complaint sufficiently alleged standing. (Dkt. No. 15).

In one of Plaintiff's open cases, *Laufer v. Dove Hess Holdings, LLC*, No. 20-cv-00379, after the parties fully briefed the standing questions raised by the Court, (No. 20-cv-00379, Dkt.

Nos. 7, 11, 17), Plaintiff filed a motion to amend her complaint, seeking to add new standing-related allegations, (No. 20-cv-00379, Dkt. No. 26). After the parties fully briefed the motion to amend, (No. 20-cv-00379, Dkt. Nos. 26, 32), the Court issued a decision finding that neither Plaintiff's original complaint nor her amended complaint sufficiently alleged standing (the "Dove Hess Decision").[1] Specifically, the Court found that: (1) to allege the type of "concrete and particularized" past injury and likelihood of future injury that would give her standing to challenge violations of 28 C.F.R. § 36.302(e) on the Defendant's Online Reservation System ("ORS"), Plaintiff needed to demonstrate that she "had a purpose for using the website that the complained-of ADA violations frustrated" and "that her intent to return to the website to book a room, or at least to obtain information that would allow her to decide whether to book a room, is plausible"; (2) the allegations in Plaintiff's amended complaint regarding her intent to visit the area near the Defendant's property in the future, and her consequent need for the ORS to comply with 28 C.F.R. § 36.302(e) so that she could make an "informed choice" as to whether or not to book a room at the Defendant's hotel, sufficiently alleged a likelihood of *future* injury; but (3) her amended complaint failed to allege *past* injury, as her allegations spoke only to her *future* intentions, and did not give rise to a plausible inference that her visits to the ORS *prior to* filing her original complaint were motivated, wholly or partially, by her intent to visit the area near the Defendant's hotel. *Laufer v. Dove Hess Holdings, LLC*, No. 20-cv-00379, 2020 WL 7974268, at *15-17, 2020 U.S. Dist. LEXIS 246614, at *41-50 (N.D.N.Y. Nov. 18, 2020).

Based on this analysis, the Court denied Plaintiff's motion to amend as futile, but granted her an opportunity to seek to further amend the complaint to cure the standing deficiencies the Court identified. *Id.* at *19, 2020 U.S. Dist. LEXIS 246614, at *56-57. As

---

[1] The Court assumes familiarity with the facts, procedural history and legal analysis set forth in the Dove Hess Decision, and therefore does not repeat them here.

Plaintiff's approximately 20 other cases then-pending before this Court implicated virtually identical standing issues, the Court subsequently issued an order in each of those cases similarly dismissing them for lack of standing and granting Plaintiff permission to attempt to cure the standing issues through further amendment. *Laufer v. Laxmi & Sons, LLC*, No. 19-cv-1501, 2020 WL 6940734, 2020 U.S. Dist. LEXIS 216752 (N.D.N.Y. Nov. 19, 2020).

Pursuant to the Court's order, in Plaintiff's 17 cases that remain open before this Court, Plaintiff has filed motions to amend her complaint with allegations that, she contends, sufficiently demonstrate standing. As described in more detail below, with one exception—the motion to amend filed in the *Dove Hess* case itself, (Case No. 20-cv-00379, Dkt. No. 49)—the allegations she seeks to add in each case are substantively identical. (*See* Case No. 19-cv-01432, Dkt. No. 29; Case No. 19-cv-01501, Dkt. No. 21; Case No. 19-cv-01509, Dkt. No. 19; Case No. 19-cv-1557, Dkt. No. 26; Case No. 19-cv-091564, Dkt. No. 17; Case No. 19-cv-01585, Dkt. No. 21; Case No. 20-cv-00281, Dkt. No. 16; Case No. 20-cv-00350, Dkt. No. 25; Case No. 20-cv-00378, Dkt. No. 12; Case No. 20-cv-00383, Dkt. No. 12; Case No. 20-cv-00357, Dkt. No. 30; Case No. 20-cv-00376, Dkt. No. 26; Case No. 20-cv-00384, Dkt. No. 24; Case No. 20-cv-00845, Dkt. No. 26; Case No. 19-cv-01581, Dkt. No. 32; and Case No. 19-cv-01559, Dkt. No. 34).

Defendants in five of Plaintiff's cases have filed oppositions to her motions to amend. (*See* Case No. 20-cv-00357, Dkt. No. 32; Case No. 20-cv-00376, Dkt. Nos. 27, 28[2]; Case No. 20-cv-00384, Dkt. No. 25; Case No. 20-cv-00845, Dkt. No. 27; Case No. 19-cv-01581, Dkt. No. 33). Three of these Defendants are represented by the same counsel, and their oppositions appear to be substantively identical. (*See* Case No. 20-cv-00357, Dkt. No. 32; Case No. 20-cv-00376, Dkt. Nos. 27, 28; Case No. 20-cv-00384, Dkt. No. 25). The Defendant in a sixth case has filed a

---

[2] Docket Numbers 27 and 28 in Case No. 20-cv-00376 appear to be duplicates of the same filing.

motion to dismiss or, in the alternative, for summary judgment, in which the Defendant argues that Plaintiff's amended complaint fails to allege standing, but also argues that the complaint must be dismissed on the separate grounds that the Defendant does not own or operate the ORS at issue and Plaintiff has failed to join the actual owners and operators as necessary parties. (Case No. 19-cv-01559, Dkt. No. 35). The Defendants in Plaintiff's remaining cases have not filed any opposition to Plaintiff's motions to amend.[3]

The Court has carefully considered all of the arguments raised by the parties in the foregoing filings. Because the amendments Plaintiff seeks in each of her outstanding cases are virtually identical, and the Court's standing analysis with respect to each of these proposed amendments is consequently also identical, the Court issues this Order to explain its decision with respect to all 17 cases.

## II. ANALYSIS

### a. Motions to Amend

In her motion to amend in this matter, the standing-related allegations Plaintiff seeks to add read as follows:

> Plaintiff has a system of rechecking the online reservations systems of each and every hotel she has sued. In this regard, she maintains a list of every hotel she has sued, and records the dates she visits their reservations systems. In this case, one of the times was on November 8, 2019. Pursuant to that system, she visited the websites for Defendant's hotel multiple times prior to filing the instant lawsuit. In every case, once the complaint is filed, she also marks a date for the near future to revisit the hotel's system. Once it is established when the hotel's system is required to become

---

[3] In one of her actions, Plaintiff has also filed a notice of supplemental authority pointing the Court to the Eleventh Circuit's recent decision in *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020), as well as several recent District Court cases from the Seventh Circuit. (Case No. 19-cv-01581, Dkt. No. 34). *Muransky* involves the Fair and Accurate Transactions Act, not the ADA. Plaintiff's argument in her notice of supplemental authority relates to whether the type of "informational injury" she alleges constitutes a "concrete and particularized injury" under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The Court already fully analyzed and resolved this question in its Dove Hess Decision, and the out-of-circuit case law Plaintiff points to present no reason for the Court to reconsider its decision.

compliant, whether by settlement agreement or court order, the plaintiff records the date. She then revisits the hotel's system when that date arrives. By this system, Plaintiff revisits the websites for every hotel she sues at least two times after the complaint is filed.

Plaintiff has family in New York and travels to the State to visit them frequently. She also has traveled extensively throughout the State. When she visits, she stays in hotels. She plans to return to the State and to travel to all the regions of the State as soon as the Covid crisis is over and will return again in the subsequent future consistent with her frequent visits to the area.

Since prior to her filing any cases in New York, Plaintiff has had, and continues to have, plans to travel to the State with her daughter and grandchild. She will visit her family and also travel throughout the entire state, to every area. The purpose of traveling throughout the entire state is to show the state to her grandchild, to sightsee, including the mountains, lakes, coastlines, historic sites, tourist attractions, rivers, museums, cities, towns and countryside. Plaintiff has also long since been considering relocating to the state. Plaintiff will have to stay in hotels located throughout the entire state when she travels up. For this reason, and prior to the filing of this action, Plaintiff has searched the online reservations systems of hotels throughout the entire state not only to test them for compliance with the regulation set forth at 28 C.F.R. Section 36.203(e), but also to ascertain what hotels are accessible to her when she finalizes her travel arrangements. Plaintiff therefore needs hotels to provide the accessibility information required so that she can make a meaningful choice in selecting hotels. The failure of this defendant's and so many other hotels to provide the information required deprived Plaintiff of the information she required in planning her travels before this lawsuit (and any other New York law suit) was filed. Originally, Plaintiff planned to visit New York and travel throughout during the Summer of 2020. However, as a result of the present travel restrictions, Plaintiff intends to travel to the State as soon as the Covid Crisis is over.

Sites and locations that the Plaintiff would like to visit and otherwise explore include Albany Riverfront Park, Tanglewood Arts Center, Destroyer Escort Historical Museum located in around Rensselaer, New York.

The Defendant's hotel is in the vicinity of those sites and attractions, and the Plaintiff visited the ORS for the purpose of reviewing and assessing the accessible features at the Property to ascertain whether it meets her accessibility needs.

> Plaintiff needs Defendant's hotel reservations system to be
> compliant so that she can compare hotels and ascertain whether or
> not their features and rooms are accessible to her. Unless and until
> Defendant's hotel's system becomes compliant, Plaintiff is
> deprived [of] the ability to make a meaningful choice in making
> her upcoming travel plans and stay in hotels in the area.

(Dkt. No. 21-2, at 3-4). The standing-related allegations Plaintiff seeks to add in 15 of her other cases are virtually identical, except that in each case, the list of specific attractions she intends to visit are customized to name attractions near the particular Defendant's property. (*See* Case No. 19-cv-01432, Dkt. No. 29-2, at 3-5; Case No. 19-cv-01509, Dkt. No. 19-2, at 3-5; Case No. 19-cv-1557, Dkt. No. 26-2, at 3-5; Case No. 19-cv-091564, Dkt. No. 17-2, at 3-4; Case No. 19-cv-01585, Dkt. No. 21-2, at 3-5; Case No. 20-cv-00281, Dkt. No. 16-2, at 3-5; Case No. 20-cv-00350, Dkt. No. 25-2, at 3-4; Case No. 20-cv-00378, Dkt. No. 12-2, at 3-5; Case No. 20-cv-00383, Dkt. No. 12-2, at 3-5; Case No. 20-cv-00357, Dkt. No. 30-2, at 3-4; Case No. 20-cv-00376, Dkt. No. 26-2, at 3-4; Case No. 20-cv-00384, Dkt. No. 24-2, at 3-4; Case No. 20-cv-00845, Dkt. No. 26-2, at 3-4; Case No. 19-cv-01581, Dkt. No. 32-2, at 3-4; and Case No. 19-cv-01559, Dkt. No. 34-2, at 3-4).

Some of Plaintiff's new allegations provide additional information about her future plans to visit the area near each Defendant's hotel. The Court has already found that Plaintiff's allegations sufficiently allege a likelihood of future injury, as necessary for standing to seek injunctive relief. *Laxmi & Sons,* 2020 WL 6940734, at *19-20, 2020 U.S. Dist. LEXIS 216752, at *52-56.[4] As to past injury, Plaintiff now alleges that she has had plans to travel throughout

---

[4] One of the defendants points the Court to *Laufer v. Naranda Hotels, LLC*, No. 20-cv-01974, 2020 WL 7384726, at *5-6, 2020 U.S. Dist. LEXIS 235894, at *14-18 (D. Md. Dec. 16, 2020), a case decided after this Court issued its Dove Hess Decision, in which the court found that Plaintiff's expressed intention to visit Maryland "as soon as the COVID Crisis is over" constituted the type of "some day" allegations that, under *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992), cannot establish a likelihood of future injury. (Case No. 20-cv-00845, Dkt. No 27, at 15-16). However, applying Second Circuit law, which this Court is bound to follow, the Court has already determined that, viewed holistically and accepted as true for purposes of the pleading stage, Plaintiff's allegations—including those

New York State with her daughter and grandchild "[s]ince prior to her filing any cases in New York"; that "prior to the filing of this action, Plaintiff has searched the online reservations systems of hotels throughout the entire state . . . to ascertain what hotels are accessible to her when she finalizes her travel arrangements"; that "[t]he Defendant's hotel is in the vicinity" of specific sites and attractions she intends to visit, and she therefore "visited the ORS for the purpose of reviewing and assessing the accessible features at the Property to ascertain whether it meets her accessibility needs"; and that "[t]he failure of this defendant's . . . hotels to provide the information required deprived Plaintiff of the information she required in planning her travels before this lawsuit (and any other New York law suit) was filed." (Dkt. No. 21-2, at 3-4). Plaintiff does not explicitly allege that the ORS of the particular Defendant she is suing in each of her cases was one of the ORSs she visited prior to filing suit, but this is a reasonable inference that may be drawn from the foregoing allegations, and the Court is bound to draw all reasonable inferences in Plaintiff's favor at this early stage.

Therefore, the Court finds that Plaintiff's amended complaints in each of the 16 cases discussed above—each viewed independently on its own merit, with all factual allegations

---

regarding her frequent past travel throughout New York State, her family living in the state, and her desire to visit specific attractions in the vicinity of each defendant's hotel—allowed a reasonable inference that she intended to visit the area near each Defendant's property in the imminent future, notwithstanding the fact that the COVID-19 crisis prevents her from alleging a precise timeline for her intended return. *Laxmi & Sons,* 2020 WL 6940734, at *19, 2020 U.S. Dist. LEXIS 216752, at *53-54; *see also Harty v. Simon Prop. Grp.*, 428 Fed. App'x. 69, 72 (2d Cir. 2011) (finding that an ADA plaintiff alleged a likelihood of future injury where he "avow[ed] a present intention to return to the [defendant's property], an act that depends only upon his own volition, and the likelihood of which finds some support in professional and family reasons"); *Pincus v. AMTRAK*, 581 F. App'x. 88, 89-90 (2d Cir. 2014) (rejecting District Court's finding that the "plaintiff's failure to plead the frequency with which she visited Tampa's Amtrak station, the proximity of her home to the station, or reasons for future travel foreclosed any reasonable inference that Pincus would frequent the station if the [ADA] violation were remedied," and finding the plaintiff's allegations of future injury were plausible given her "prior use of Amtrak, her residence in a city with an Amtrak station, and the distinct and widespread nature of Amtrak's services in providing access to intercity travel"). Plaintiff's new allegations strengthen this inference, as she now alleges that she had concrete plans to visit New York in Summer 2020 before COVID-related travel restrictions were put in place, that she intends to travel with her daughter and granddaughter and show her granddaughter sites and attractions throughout the state, and that she has "long considered" relocating to New York. Therefore, the Court declines to reconsider its prior decision on this issue.

accepted as true, and all reasonable inferences drawn in Plaintiff's favor—sufficiently allege standing. As such, amendment would not be futile, and the Court grants Plaintiff's motions to amend in each of these cases.[5]

The Court reaches a different conclusion, however, with respect to Plaintiff's motion to amend in the *Dove Hess* case. In that case, the hotel at issue has been sold and the original Defendant has been dismissed from the case; thus, Plaintiff seeks to amend her complaint not only to cure the standing issues the Court identified in the Dove Hess Decision, but also to add the hotel's new owner as a defendant. (Case No. 20-cv-00379, Dkt. No. 49). However, Plaintiff does not seek to add the detailed, new allegations described above regarding her past and future injury. Rather, she merely alleges that, "[on] March 3, 2021,"[6] the day she filed her amended complaint, "Plaintiff visited the subject ORS to explore and to plan her future travel to the region." (Case No. 20-cv-00379, Dkt. No. 49-2, at 3). This allegation does not give rise to a reasonable inference that Plaintiff's visit to the ORS prior to commencing the action in April 2020 was even partially for the purpose of planning her future travel to New York. *Multistack LLC v. Arctichill Inc.*, No. 05-cv-3865, 2006 U.S. Dist. LEXIS 10242, at *14 n. 7, 2006 WL 510506, at *4 n.7 (S.D.N.Y. Mar. 1, 2006) (observing that a plaintiff's standing must be "assessed at the time of the original complaint, even if the complaint is later amended" (quoting *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 & n. 3 (Fed. Cir. 2005))).

---

[5] Several Defendants raise the fact that, in her motion to certify an interlocutory appeal of the Dove Hess Decision, Plaintiff represented that she believed "any amended complaint would be futile." (*See* Case No. 20-cv-00357, Dkt. No. 32, at 2-3; Case No. 20-cv-00376, Dkt. Nos. 27, at 2-3; Case No. 20-cv-00384, Dkt. No. 25, at 2-3; Case No. 20-cv-0085, Dkt. No. 27, at 10). However, Plaintiff's admission that she cannot demonstrate standing with respect to one Defendant does not necessarily mean she cannot demonstrate standing with respect to the 16 other Defendants. Moreover, at oral argument in the *Dove Hess* case, Plaintiff's counsel represented that the apparent admission in the motion was an error, and that her position was that amendment in the *Dove Hess* case would not be futile.

[6] A typographical error in the Amended Complaint omits the word "on," but Plaintiff's briefing makes clear that Plaintiff visited the subject ORS "on" March 3, not "before" March 3. (Dkt. No. 49-5, at 11).

Therefore, the Court denies Plaintiff's motion to amend in the *Dove Hess* case as futile, and dismisses the case for lack of subject matter jurisdiction.

### b. Evidentiary Hearing

While the Court has found that Plaintiff's complaints, on their face, allege standing, this does not end the Court's standing inquiry. There are significant reasons to question whether Plaintiff does, in fact, have a plausible intention to travel to the area near each particular Defendant's hotel, and thus a genuine need to utilize the accessibility information on each Defendant's ORS. These reasons include the sheer number of nearly identical cases Plaintiff has filed against hundreds of Defendants not only in New York, but across the country; the cut-and-paste nature of Plaintiff's allegations in each of these cases; the vague and generalized nature of the allegations surrounding Plaintiff's travel plans and her familial contacts in the state; the fact that Plaintiff's original complaint relied solely on her tester status and made no mention of actual plans to visit New York State, and that allegations regarding these plans were only added after standing questions were raised by the Court and opposing parties; and the fact that at least one other court in another state has tested Plaintiff's standing allegations through an evidentiary hearing, and found them not to be credible. *Naranda Hotels,* 2020 WL 7384726, at *6-9, 2020 U.S. Dist. LEXIS 235894, at *18-29.

The Second Circuit has made clear that, where an ADA plaintiff's complaint sufficiently alleges standing on its face but "the district court continues to doubt whether [the plaintiff's] professed intent to return to [the subject property] was genuine, this doubt should be resolved by the court before proceeding further," including through "conduct[ing] relevant discovery and fact finding (including findings as to [the plaintiff's] credibility)." *Simon Prop. Grp.*, 428 F. App'x at 72. Here, given the issues noted above, the Court finds that an evidentiary hearing to test the

9

credibility of Plaintiff's standing allegations is an appropriate means to confirm that Plaintiff actually has standing to pursue these cases before moving forward with the discovery and litigation process. Moreover, because the standing issues are virtually identical across Plaintiff's 16 outstanding cases, the Court finds that consolidating these cases for the limited purpose of conducting a hearing on Plaintiff's credibility is the most efficient path forward.[7]

For these reasons, it is hereby

**ORDERED** that the Clerk of the Court is directed to file this Order in each of the cases identified in Exhibit A to this Order; and it is further

**ORDERED** that Plaintiff's motions to amend in the following cases are **GRANTED,** and in each case, Plaintiff is directed to file a clean (i.e. not redlined) copy of her amended complaint by no later than April 15, 2021, which will be the operative pleading: Case No. 19-cv-01432 (Dkt. No. 29); Case No. 19-cv-01501 (Dkt. No. 21); Case No. 19-cv-01509 (Dkt. No. 19); Case No. 19-cv-1557 (Dkt. No. 26); Case No. 19-cv-091564 (Dkt. No. 17); Case No. 19-cv-01585 (Dkt. No. 21); Case No. 20-cv-00281 (Dkt. No. 16); Case No. 20-cv-00350 (Dkt. No. 25); Case No. 20-cv-00378 (Dkt. No. 12); Case No. 20-cv-00383 (Dkt. No. 12); Case No. 20-cv-00357 (Dkt. No. 30); Case No. 20-cv-00376 (Dkt. No. 26); Case No. 20-cv-00384 (Dkt. No. 24); Case No. 20-cv-00845 (Dkt. No. 26); Case No. 19-cv-01581 (Dkt. No. 32); and Case No. 19-cv-01559 (Dkt. No. 34); and it is further

**ORDERED** that Plaintiff's motion to amend in Case No. 20-cv-00379 (Dkt. No. 49) is **DENIED**, the case is **DISMISSED** for lack of subject matter jurisdiction, and the Clerk of the Court is directed to close the case; and it is further

---

[7] Because questions remain as to the Court's subject matter jurisdiction, the Court does not reach the other issues raised in Defendant Shree Hari Holdings LLC's motion to dismiss or, in the alternative, for summary judgment. (Case No. 19-cv-01559, Dkt. No. 35). The Court will schedule further briefing on that motion if the Court determines that it has subject matter jurisdiction over that case.

**ORDERED** that the Court shall hold a consolidated evidentiary hearing in Plaintiff's remaining cases, limited to testing the credibility of Plaintiff's standing allegations, on May 14, 2021 at 10:00 AM.

**IT IS SO ORDERED.**

Dated: April 1, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

# EXHIBIT A

## Docket Numbers

| | |
|---|---|
| 1:19-cv-01501 | 3:20-cv-00383 |
| 1:20-cv-00845 | 5:19-cv-01585 |
| 3:19-cv-01509 | 5:20-cv-00379 |
| 3:19-cv-01557 | 6:19-cv-01432 |
| 3:19-cv-01559 | 8:20-cv-00350 |
| 3:19-cv-01564 | 8:20-cv-00357 |
| 3:19-cv-01581 | 820-cv-00376 |
| 3:20-cv-00281 | 8:20-cv-00384 |
| 3:20-cv00378 | |